Argued April 5, reversed April 17, 1968

# STATE OF OREGON, *Respondent, v.*
# MIKKAL ROBERT OARE,
## *Appellant.*
### 439 P. 2d 885

*Jamie Hunter,* Eugene, argued the cause for appellant. On the brief were Porter and Bach, Eugene.

*John E. Moore,* Deputy District Attorney, Eugene, argued the cause for respondent. On the brief was John B. Leahy, District Attorney, Eugene.

Before SLOAN, Presiding Justice, and GOODWIN and HOLMAN, Justices.

HOLMAN, J.

Defendant appealed from his conviction of the crime of unlawful possession of marijuana which resulted from a trial by the court without a jury.

The principal issue raised on appeal is whether there was sufficient evidence of defendant's possession of the drug to sustain a conviction.

The police were in the possession of a warrant for the arrest of Michael Sigari and the search of his home. Three other persons lived there with him. Prior to going to the front door Sigari was seen through the window putting something in or taking something out of the medicine cabinet in the bathroom. An officer knocked upon the front door and in response a peephole in the door was opened and closed and footsteps were heard retreating from the door. The officer announced the authority of his warrant and upon the door not being opened, he opened it by force.

Upon going into the bathroom the officer observed Sigari standing immediately in front of the toilet bowl while leaning over looking into it. Alongside and slightly behind him, also leaning over and looking into the bowl, was the defendant. The water in the bowl was agitated and in it were some plastic sacks containing marijuana, an unused marijuana cigarette, the butt of another marijuana cigarette, as well as shreds of the same material. On the back of the toilet was a box containing shreds of marijuana. On a chest of drawers immediately in front of the toilet bowl was a lighted marijuana cigarette.

Defendant did not reside in the house. His person

was searched and no evidence of marijuana was found upon him. There were at least two other persons besides the defendant and Sigari in the house at the time of the execution of the warrant.

It is our opinion that there was insufficient evidence of the defendant's possession of the marijuana to warrant conviction. The fact that defendant had none of the narcotic upon his person is not completely determinative of the question of his possession of it. A person may have constructive as well as actual possession of contraband. However, the evidence was insufficient to raise an inference of constructive possession. Defendant was a visitor at the home of Sigari. No inference can be drawn that he had possession of articles found in the house without in some way identifying him with their control. Evidence of the control or the right to control is necessary to constructive possession. The inference could be drawn that defendant was a spectator at the attempted disposition of contraband down the toilet, but an inference cannot be drawn that it was defendant who was disposing of it and thus exercising control over it. It was Sigari's house; it was Sigari who was in the bathroom immediately prior to the officer's entrance; and it was Sigari who was closest and therefore apparently presiding over the flushing toilet. Had there been two lighted cigarettes at the time of the officer's entrance into the bathroom, it could have been inferred that one of them was defendant's because one person does not usually smoke two cigarettes at the same time. Had defendant been the only person in the bathroom it could have been inferred that he was exercising dominion by attempting disposition of the narcotic down the toilet. However, we do not believe such an inference can be drawn from the mere fact that he was

present at the attempted disposal of it in someone else's home.

The state has cited a number of cases in defense of their position that there was sufficient evidence to warrant an inference of defendant's possession. We have examined these cases and believe that there is only one which goes so far as to allow the drawing of the inference of possession from facts similar to those here. It is *Duran v. People,* 145 Colo 563, 360 P2d 132 (1961). In this case defendant was convicted of the possession of marijuana. The conviction could have been sustained upon the basis that marijuana was found in the defendant's pocket. However, the court went further to say that there was sufficient evidence of defendant's possession of two marijuana cigarettes found in a woman's purse on the floor of the vehicle in front of the back seat. Defendant was found asleep on the back seat while the vehicle was being operated by another and a third person was in the front seat. There was no evidence that the vehicle belonged to defendant. We can only say that we disagree with the case insofar as it held that an inference could be drawn that defendant was in possession of the cigarettes.

The facts of this case pose an extremely close question but we believe defendant's conviction should be reversed. It is so ordered.