Argued January 20, reversed and remanded March 26, 1970

STATE OF OREGON, *Respondent, v.*
JEFFREY STRUVE CHANDLER,
*Appellant.*

467 P2d 127

*Robert L. Ackerman,* Springfield, argued the cause and filed the brief for appellant.

*Frank D. Knight,* District Attorney, Corvallis, argued the cause for respondent. With him on the brief was Don Todorovich, Deputy District Attorney, Corvallis.

Before SCHWAB, Chief Judge, and FORT and BRANCHFIELD, Judges.

SCHWAB, C. J.

Defendant was indicted, tried before a jury, and convicted of the crime of unlawful possession of narcotic drugs.

Believing defendant and seven others were in possession of marihuana, the police stopped the vehicle (a small bus) in which they were riding. Defendant was neither the owner nor the driver of this vehicle. After asking the occupants to get out of the vehicle the police found a pipe in the pocket of a coat which lay on the front seat. The coat belonged to an occupant other than the defendant. Tests showed that the pipe had been used to smoke marihuana. In a subsequent search of the vehicle the police found a marihuana cigarette butt and a plastic bag containing marihuana dust in defendant's suitcase and, in an open area accessible to all occupants in the rear of the vehicle, they found another pipe which had been used to smoke marihuana.

At trial the pipe found in the pocket of the coat was received into evidence over defendant's timely objection. Defendant contends this was error because he had not been shown to be in possession of it. The state argues that constructive possession is a question for the jury. In the case of *State v. Oare,* 249 Or 597, 439 P2d 885 (1968), the Oregon Supreme Court affirmed the principle of constructive possession. However, in discussing a Colorado case, *Duran v. People,* 145 Colo 563, 360 P2d 132 (1961), the Oregon Supreme Court stated:

"* * * [T]he court went further to say that there was sufficient evidence of defendant's possession of two marihuana cigarettes found in a woman's purse on the floor of the vehicle in front of the back seat. Defendant was found asleep on

the back seat while the vehicle was being operated by another and a third person was in the front seat. There was no evidence that the vehicle belonged to defendant. We can only say that we disagree with the case insofar as it held that an inference could be drawn that defendant was in possession of the cigarettes." 249 Or, supra, at 600.

The facts of the present case are even weaker than those in *Duran*. In *Duran* the owner of the purse was not an occupant. Here the owner of the coat was present in the vehicle. In *Duran* the purse was on the floor of the back seat and the defendant was a passenger in the back seat. Here the coat and its owner were in the front seat, while the defendant was a passenger behind the front seat. The evidence was not sufficient to support an inference that defendant was in constructive possession of the pipe. It follows that the pipe was not relevant evidence and it was error to receive it. We reverse the conviction on this ground.

Defendant has made a number of other assignments of error including the denial of his motion to suppress the items seized in the search of the vehicle. It is unnecessary for us to now consider those issues. However, in the event of a retrial the following relevant decisions merit consideration as to those issues: *State v. Keith*, 2 Or App 133, 465 P2d 724, Sup Ct review denied (1970); *Ramon v. Cupp*, 423 F2d 248 (9th Cir February 26, 1970); *Chimel v. California*, 395 US 752, 89 S Ct 2034, 23 L Ed 2d 685 (1969); *Cooper v. California*, 386 US 58, 87 S Ct 788, 17 L Ed 2d 730, reh and modif den 386 US 988 (1967); *State v. McCoy*, 249 Or 160, 437 P2d 734 (1968).

Reversed and remanded.