Argued March 18, affirmed May 14, petition for rehearing
stricken as not timely filed June 16, 1970

# STATE OF OREGON, *Respondent, v.* HARRY ARTHUR MATHISON, *Appellant.*

469 P2d 38

· *William E. Hanson*, Portland, argued the cause for appellant. On the brief were Charles R. Mowry and Dardano & Mowry, Portland.

*James A. Sanderson*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

FOLEY, J.

Defendant was convicted of first degree murder and sentenced to life imprisonment. On trial while questioning a psychiatrist the state used a hypothetical question relative to defendant's sanity. He appeals, alleging as his sole assignment of error that the question was based in part on facts not in evidence.

Evidence was introduced from which the jury could have found that defendant and Douglas Hemphill had an altercation about July 14, 1968, at Hemphill's home at which time Hemphill inflicted head injuries upon defendant by striking him with a pop bottle and garden shovel. As a result, defendant bore a grudge against Hemphill. On August 18, 1968, defendant threw a stone through the front window of the Hemphill residence and then proceeded to a field behind the residence where he waited for Hemphill to come to the well-lit back porch to obtain a broom. When Hemphill appeared, he was shot in the back with a 30 caliber rifle. Defendant was identified walking rapidly away from the scene of the shooting, getting into his automobile and driving away very shortly after the shot was fired. The lot where his car had been parked

was directly adjacent to the field from which the shot was fired. Defendant was arrested at his residence approximately one hour after the shooting occurred and was charged with assault with a dangerous weapon. Hemphill died seven days later from the gunshot wound.

Defendant, at the time of arrest as well as at trial, denied the shooting and claimed he had a lapse of memory precipitated by excessive use of alcohol in combination with drugs. Defendant testified on his own behalf and sought to establish a defense of temporary insanity. Based upon a hypothetical question, an internist called by defendant, expert in the field of alcohol and drugs, testified that there was a medical probability that defendant could have suffered from temporary insanity if he had consumed the quantity of alcohol and type of drugs he claimed to have ingested. The state presented a well qualified psychiatrist, whose opinion testimony, based on his medical examination of the defendant and the challenged hypothetical question, negated insanity.

The circumstantial evidence that defendant shot the decedent as charged was overwhelming. The gun used in the shooting was never found. The only portion of the hypothetical question which was objected to was:

"MR. BARTON: * * * he [defendant] then took the vehicle to a spot unknown and disposed of the rifle to avoid detection. * * *

"MR. HARVEY: I am going to object. Nothing about disposing of the gun. There is no evidence to that."

The objection was overruled and the psychiatrist gave his opinion negating insanity. This ruling is the basis of defendant's only assignment of error.

■■ Defendant claims the fact that there was no direct evidence that he had secreted the gun rendered the hypothetical question erroneous as based on facts not in evidence and, since the question of his sanity was crucial, prejudicial in the form posed and answered. There is no merit to defendant's contention. The state may rely on circumstantial evidence to supply any element of its case. *State v. Walker*, 244 Or 404, 410, 417 P2d 1004 (1966); *State v. Hanna*, 1 Or App 110, 459 P2d 564 (1969). In fact the only evidence that defendant shot decedent was circumstantial. It was not necessary for the state to prove by direct evidence that defendant disposed of the gun. The jury could have inferred such fact from the evidence that defendant owned a .308 caliber rifle, that he shot Hemphill with such rifle, left the scene promptly, was arrested shortly after the shooting at home alone, that the rifle was not anywhere to be found but its empty case was found at defendant's home, and at the time of arrest both defendant's cars had been recently used. This court in *State v. Higgins*, 1 Or App 84, 89, 459 P2d 452 (1969), said:

"* * * An inference can be based upon a fact which is itself based upon circumstantial evidence, or a combination of direct and circumstantial evidence. See *Vaccarezza v. Sanguinetti*, 71 Cal App 2d 687, 698, 163 P2d 474, 477, 479 (1945); *McKay v. State Ind. Acc. Comm.*, 161 Or 191, 87 P2d 202 (1939); and *State v. Dennis*, 177 Or 73, 159 P2d 838 (1945)."

See also *State v. Hanna*, supra, 1 Or App at 113.

■ The rule applicable to hypothetical questions frequently quoted in the Oregon cases reads in pertinent part as follows:

"* * * 'If plaintiff asks a fair question based

on substantial evidence he may have the expert's opinion on any combination of facts he may choose. He need not include in the question all the details which appear in his own case * * *. He may lay before the jury by hypothetical questions scientific inferences properly deducible from the facts supported by his evidence. The form of such questions is generally within the discretion of the trial court' * * *." *State v. Leland*, 190 Or 598, 634-35, 227 P2d 785 (1951), aff'd 343 US 790, 72 S Ct 1002, 96 L Ed 1302, reh den 344 US 848, 73 S Ct 4, 97 L Ed 659 (1952).

There was an abundance of evidence from which a deduction could be made that defendant did dispose of the rifle to avoid detection. There was no error in submitting the challenged portion of the hypothetical question to the expert. The jury was in a position as the fact trier to judge the applicability of the possible deduction therefrom and assess the weight to be given the opinion expressed by the psychiatrist.

Affirmed.