Argued April 29, affirmed June 11, 1970

STATE OF OREGON, *Respondent, v.*
TOMMY D. KEFFER, *Appellant.*
No. 69-21 C
470 P2d 381

*Del Parks*, Klamath Falls, argued the cause and filed the brief for appellant.

*Thomas H. Denney*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Jacob B. Tanzer, Solicitor General, and Lee Johnson, Attorney General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and BRANCHFIELD, Judges.

BRANCHFIELD, J.

■■ This is an appeal by the defendant from a conviction for unlawful possession of narcotics. In his sole assignment of error the defendant contends that the trial court erred in admitting in evidence certain exhibits of marihuana which were not found in his possession.

Defendant was arrested in a small house, jointly occupied by two other young men and the defendant. The police entered the house pursuant to a warrant to search the premises for "narcotics, dangerous drugs and paraphernalia". The defendant was present at the time the police entered, and his person was searched. A plastic bag containing marihuana was found in the left front pocket of his pants. In addition, marihuana was discovered under the seat cushions of a couch in the living room, on the arms and around the floor of that couch, on a chair on the front porch, and on the kitchen floor.

The marihuana found in defendant's possession was received in evidence. During his own case, the defendant testified that the marihuana found in his possession had been given to him by one of the other

occupants shortly before he was searched, but he contended that he did not know what it was when he took it. The trial court admitted in evidence marihuana found in the house, together with a photograph of a chair on which marihuana had been found. Those exhibits were admitted, not as evidence of guilt, but for the sole purpose of showing the "totality of the picture" for whatever bearing they might have on the question of defendant's knowledge that the plastic bag in his possession contained marihuana.

At the conclusion of the trial, the court carefully instructed the jurors that they were to consider marihuana found in the house only to determine whether or not the defendant knowingly possessed the marihuana found in his pants pocket.

*State v. Kristich*, 226 Or 240, 244, 359 P2d 1106 (1961), holds that "[T]he true test to determine the admissibility of any evidence is that of relevancy. * * *" Thus relevant evidence is admissible unless the probative value of the evidence is outweighed by its prejudicial effect. *State v. Harrison*, 253 Or 489, 455 P2d 613 (1969).

*State v. Sack*, 210 Or 552, 581, 300 P2d 427 (1956), holds:

"* * * Evidence is relevant and admissible if it shows possibility, capacity, probability, or certainty. The fact that proof beyond reasonable doubt is the ultimate requirement does not militate against the value of individual items of evidence which rise no higher than proof of the possibility or probability. * * *"

See also: *State v. Sutton*, 249 Or 527, 439 P2d 627, 91 ALR2d 1046 (1968).

The facts of this case are distinguishable from those in *State v. Oare*, 249 Or 597, 439 P2d 885 (1968); and *State v. Chandler*, 2 Or App 107, 467 P2d 127 (1970). In *Oare* the issue raised on appeal was whether there was sufficient evidence of defendant's possession of marihuana to sustain a conviction. The defendant in *Oare* did not have physical possession of the drug nor was he a resident of the house in which he was arrested and in which marihuana was found. Here, unlike *Oare*, the narcotics found elsewhere on the premises were admitted only for their bearing on the issue of defendant's knowledge of narcotics, not for the purpose of holding defendant criminally responsible for being in constructive possession of them.

In *State v. Chandler*, supra, a pipe stem which was shown to have been used to smoke marihuana was introduced in evidence. The pipe stem had been found in the pocket of a jacket belonging to another person who was arrested at the same time as the defendant. This court reversed the defendant's conviction, holding that the evidence was not sufficient to support an inference of constructive possession. The issue concerning the admission of evidence was not the same as in this case.

The exhibits were properly received.

The judgment is affirmed.