Argued June 19, affirmed September 10, petition for rehearing
denied October 13, petition for review denied
December 15, 1970

## STATE OF OREGON, *Respondent, v.*
## OLIVER GILL, JR., *Appellant.*

474 P2d 23

*John Toran, Jr.*, Portland, argued the cause and filed the brief for appellant.

*Thomas H. Denney*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and BRANCHFIELD, Judges.

FOLEY, J.

The defendant, Oliver Gill, Jr., appeals from a second degree murder conviction obtained under ORS 163.020 (2), which reads:

> "Any person who kills another by an act imminently dangerous to others, and evincing a depraved mind, regardless of human life, although without any design to effect the death of any particular individual, is guilty of murder in the second degree."

## ASSIGNMENT OF ERROR NO. 1

■ His first assignment of error is the denial of his motion for a directed verdict. This requires that

this court's review of the evidence be in the light most favorable to the state, and that the trial court's action in this regard be sustained if there is any substantial evidence to support the verdict. *State v. Shipman,* 2 Or App 359, 468 P2d 921 (1970).

■ The deceased was killed by one of two rifle shots fired from across the street into the downstairs living room of her two-story home in Portland, Oregon, on June 7, 1968, shortly after midnight. There was evidence from which the jury could conclude that defendant fired the shot which killed decedent. Firing a rifle into a house is an inherently dangerous act. See Perkins, Criminal Law 677-79 (1st ed 1957), and 5 ALR 605-606 (1920). There was evidence indicating defendant had known the decedent and her family for some years and was aware that people were in and about the house at the time of the shooting. From this the jury was entitled to conclude that defendant's act of shooting into the house was an act imminently dangerous to others and evincing a depraved mind, regardless of human life. There was no error in denying the motion for directed verdict.

## ASSIGNMENT OF ERROR NO. 2

■ Defendant complains that the court's jury instruction on the elements of the offense did not include the words "with malice." The instruction conformed to the statute defining the crime, ORS 163.020 (2), which does not contain the words "with malice."

Malice is an element of second degree murder, *State v. Collis,* 243 Or 222, 413 P2d 53 (1966), but there is no magic in the use of the word "malice." The

phrase "depraved mind, regardless of human life," contained in the instruction given, is at least synonymous with the term "malice." Perkins, Criminal Law 36-37 (2d ed 1969); 1 Wharton, Criminal Law and Procedure 522-27, § 242 (Anderson ed 1957). It would probably be more accurate to label it a special, high degree of malice. The instruction given correctly stated the law.

## ASSIGNMENT OF ERROR NO. 3

■ Defense counsel assigns as error the court's denial of his motion for a mistrial based on the prosecution's failure to timely produce a tape-recorded statement obtained from defendant by the police on the day of the murder.

In Portland municipal court defense counsel asked for and was apparently granted an order that the state disclose any and all statements taken from defendant. The district attorney advised counsel that none existed and counsel relied on that representation. On the first day of trial, seven months later, the prosecutor announced the discovery of the recording in question and gave a copy of it to defense counsel. Defendant contends that this long delay in producing the statement constituted suppression of evidence helpful to him, and caused such surprise as to effectively preclude a preparation of his defense, thereby denying him a fair trial.

The Oregon Supreme Court has held that an inadvertent failure on the part of the state to produce evidence for defendant's inspection following a court order is not grounds for reversal where no prejudice

results.[1] *State v. Little*, 249 Or 297, 431 P2d 810 (1967), cert den 390 US 955, 88 S Ct 1048, 19 L Ed 2d 1148 (1968). Defendant's recorded statement directly contradicted his own in-court testimony and was in fact used by the state to attack his credibility. It would have been to defendant's advantage if the state had not found the tape recording. In addition, any prejudice that might have resulted due to surprise and timing could have been remedied by a continuance. Defendant did not request one. There was no error in denying defendant's motion for a mistrial.

## ASSIGNMENT OF ERROR NO. 4

Defendant assigns as error failure to give his requested instruction regarding aiding or abetting. This assignment is frivolous. The court gave the instruction requested.

## ASSIGNMENT OF ERROR NO. 5

Defendant excepted to an instruction concerning the consideration which the jury could give to the tape-recorded statement of defendant, discussed above in Assignment No. 3. The defendant's objection is twofold: (1) that the court erred in telling the jury that "* * * you can consider such alleged statements for what you deem them to be worthy [sic] * * *"; and (2) that the court should have specifically instructed the jury that the taped statement could be used solely for impeachment purposes and not as evidence of the crime charged.

The instruction must be read in context. The

---

[1] In the case at bar, the trial court, a few days after the trial, upon its own motion conducted a hearing, at which time defendant was in attendance, to determine the reason the erroneous information about the tape was given by the prosecution. The hearing developed that the prosecutor's error was inadvertent and unintentional.

trial court led into his instructions on the admissibility of the tape recording with the following statement:

"I further instruct you that the State offered as *impeaching evidence* a tape recording of statements allegedly made by the defendant during the evening of June 7th, 1968, at the police station. * * *

"There is no contention by the State that this was a confession but rather the State contends that *these are impeaching statements.*" (Emphasis supplied.)

Following these statements the court gave a lengthy instruction on the constitutional tests for admissibility —voluntariness and adequate *Miranda* warnings. The judge concluded this portion of his instructions by stating that if the jury found that these tests were met, it could consider the tape-recorded statements "* * * for what you deem them to be worthy * * *"; if the jury did not so find, the statements were to be disregarded. The court then said:

"I further instruct you with respect to any statements which have been introduced and claimed to be impeaching statements. That impeaching evidence is that which contradicts or controverts the testimony of a witness. Impeaching evidence is not substantive evidence, substantive evidence is that which is sufficient to prove a material issue in the case. Therefore, I instruct you that impeaching evidence in and of itself is not sufficient to prove any material element or issue in the case."

■ The instruction complained of was not erroneous. Furthermore, there was no prejudice. "For one instruction standing alone to constitute reversible error it must have been such as would have prejudiced the defendant when the instructions are considered as

a whole." *State v. Keffer,* 3 Or App 57, 471 P2d 438 (1970). When we consider the instruction as a whole, the possibility that the jury was misled was nullified when the court instructed on impeachment versus substantive evidence. "The jury is presumed to have followed the court's instruction." *State v. Oland,* 1 Or App 272, 280, 461 P2d 277 (1969) Sup Ct *review denied* (1970).

## ASSIGNMENT OF ERROR NO. 6

Defendant's sixth assignment of error questions the admissibility of evidence concerning an experiment performed by Detective Davis of the Portland Police Department to determine the approximate location from which the shots were fired into decedent's house. Defendant contends that Detective Davis's testimony, as well as exhibits introduced in conjunction with it, is inadmissible because he was not qualified as an expert witness.

██ None of the exhibits in this case were designated as part of the record. It is impossible for this court to properly review the evidence under this assignment, because crucial testimony was given in the form of six photo exhibits and one diagram, none of which are before us. However, there is nothing in the record or the briefs which leads us to believe the jury was in any way misled by the experiment. Detective Davis did not give expert testimony. He did not give his opinion, but merely described the experiment performed. The admission of evidence of an experiment is a matter within the discretion of the trial court. *State v. Sack,* 210 Or 552, 300 P2d 427 (1956), cert den 353 US 962, 77 S Ct 1048, 1 L Ed 2d 912 (1957). We find no error in this assignment.

## ASSIGNMENT OF ERROR NO. 7

■ Defendant objected to the admission in evidence of a pillow, taken from his house during the execution of a search warrant, because he claims it was outside the scope of the warrant. Since defendant failed to designate the search warrant, the affidavit and return as part of the record on appeal to this court, there is nothing for us to consider.

## ASSIGNMENT OF ERROR NO. 8

This assignment involves defendant's hearsay objection to a series of questions. The court properly overruled the objection. Hearsay was not involved.

## ASSIGNMENT OF ERROR NO. 9

■ The defendant objected that the court gave the uniform instruction on the presumption that a witness speaks the truth, rather than his requested instruction on the subject. The uniform instruction given correctly stated the law, ORS 44.370, and therefore there is no error. In addition defendant's requested instruction was erroneous.

## ASSIGNMENT OF ERROR NO. 10

During his final argument the prosecutor made the following statement:

"* * * We are not trying a simple firing of a gun in the air case. We are trying the death of another human being. She will be with you in the jury [sic] in Exhibit 31, she is the mother of eight children, she is now dead. She is dead because of a stupid, senseless act committed by this defendant."

Defendant contends that this reference to the murder victim was so inflammatory as to require a mistrial.

Counsel in argument is permitted to comment on the evidence and to draw all legitimate inferences therefrom, provided he does not transcend the limits of professional duty and propriety. The dividing line between proper "Arguments which are fairly intended to quicken the jury's sense of duty," *State v. Black,* 150 Or 269, 289-90, 42 P2d 171 (1935), and improper "arguments which tend to inflame * * * or to coerce a jury into a conviction," *State v. Wilson,* 221 Or 602, 608, 351 P2d 944 (1960), is not clear, and it is sometimes difficult for an appellate court to determine, on the basis of the cold record before it, the category into which a particular remark falls. It is for this reason that control over counsel's argument is largely entrusted to the discretion of the trial court. *Huber v. Miller,* 41 Or 103, 115-16, 68 P 400 (1902); see also, *Kuehl v. Hamilton,* 136 Or 240, 244, 297 P 1043 (1931). We find no abuse of discretion here.

## ASSIGNMENT OF ERROR NO. 11

Defendant's final assignment of error, that a unanimous jury verdict is required, is without merit. *State v. Gann,* 254 Or 549, 463 P2d 570 (1969).

Affirmed.