Argued June 22, affirmed August 26, petition for rehearing denied
September 17, petition for review denied November 3, 1971

## STATE OF OREGON, *Respondent, v.*
## JERRY WIKUM, *Appellant.*
### 488 P2d 815

*John N. Hutchens,* Vale, argued the cause for appellant. With him on the briefs were Schroeder, Denning & Hutchens, Vale.

*G. Eric Lonnquist,* Special Assistant Attorney Gen-

eral, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

FORT, J.

Defendant was convicted of illegal possession of marihuana. ORS 474.020. He appeals, asserting error first in the admission of certain items of evidence and, upon the assumption these were inadmissible, the insufficiency of the evidence to support the verdict.

At about 2 p.m. on June 16, 1970, a 1960 International Travelall, bearing Washington license API 120, was involved in a one-car accident. Beside the truck, all lying on the pavement, were found an elderly man who was dead, a young woman, Kathleen Ihler, and a young man, the defendant herein. The latter two were taken to the hospital. The vehicle was badly damaged and appeared to have rolled over thoroughly scrambling its contents and scattering portions of it in the vicinity.

In the Ihler purse in the vehicle were found:

a) A Washington certificate of title to an unencumbered 1960 International Travelall bearing Washington license API 120, issued in the name of James M. Ihler. It bore a signature, "James M. Ihler 6-6-70" in the blank for "release by registered owner." It also bore in the space provided for "purchaser name" the name in ink "Jerry Wikum." Other evidence established that Kathleen Ihler was the daughter of James

M. Ihler. No contention is made that he was in the vehicle.

b) A receipt:

```
                    JUNE  6              19 70
Received of Jerry     Wikum
Three  hundred  and  fifty      Dollars
                                    100
For  1960  INT. CARRYALL  APT  120  WHSH.
$ 350 00            James M. Ihler
MADE IN U. S. A.
```

c) Another receipt:

```
                    MAY  18            19 70
Received of  Kathleen Ihler
ONE - Hundred  and  NO       00 Dollars
                               100
For  1960  INT. CARRYALL  APT  120  $350 00 Balance
$ 100 00            J. M. Ihler
MADE IN U. S. A.
```

Each of the foregoing was offered, objected to as irrelevant and hearsay, and received by the court on the ground that they constituted "circumstantial evidence" of relevant facts.

In the Travelall was a three-quarter bed-size mattress. Its cover was torn in the accident and a 2.2 pound package of vegetable material, identified as marihuana, was found on the ground beside the vehicle. Inside the torn mattress cover were found additional 2.2 pound packages. There was a total of 30 in all. Objection was made to their admission on the ground there was no showing the defendant Wikum had possession or legal control thereof. All were admitted.

■ Defendant concedes that his motion for acquittal was based on the ground of lack of evidence to support an inference of his possession or control of the marihuana. If the car belonged to or was under the control of Wikum, then there is a basis for such an inference. *State v. Oare,* 249 Or 597, 439 P2d 885 (1968); *State v. Chandler,* 2 Or App 107, 467 P2d 127 (1970). The case then turns on the admissibility of the three above described documents found in the Ihler purse.

■ The certificate of title to the car in which defendant was riding states: "This title is evidence of legal ownership." It is the original (RCWA 46.12.030-050), and it bears on its face the certificate of the Washington Director of Motor Vehicles that James M. Ihler is the registered owner of the vehicle. It thus was admissible under ORS 43.330 (7). No request was made by defendant to cover up or otherwise exclude the handwritten signature of James M. Ihler as transferor or of the written name of Jerry Wikum as purchaser. We do not consider, therefore, that question. *Yuin v. Hilton,* 165 Ohio St 164, 134 NE2d 719 (1956); McCormick, Evidence 115, 119, § 52 (1954).

The receipt for $350 from James M. Ihler to the defendant was obviously relevant to show that the latter claimed an interest in the vehicle. The certificate

of title established that Mr. Ihler was a Washington resident. It is not contended that he was within this state. ORS 41.860 provides:

> "Entries or other writings of like character of a person * * * without the state, made at or near the time of the transaction and in a position to know the facts stated therein, may be read as primary evidence of those facts when it was made:
>
> "(1) Against the interest of the person making it;
>
> "* * * * *."

■■ We think the receipt was a "writing" within the meaning of the statute. It was clearly "[a]gainst the interest of the person making it," and was made by "a person [who was] without the state." Certainly James Ihler was "in a position to know the facts stated therein." Upon its face it was made "at or near the time of" the sale of the vehicle and the transfer of the certificate of title. Thus it was admissible.

■ The second receipt was relevant to show that with the payment of the $350 by the defendant the full purchase price for the vehicle had been paid. It likewise met the test of ORS 41.860 (1), and thus was admissible.

We note too that each of the challenged documents was in existence prior to the accident. They were physically in the vehicle of which the defendant and Miss Ihler were the occupants and in the latter's purse under circumstances eloquently bespeaking their authenticity. Together the documents served clearly to show that their possession and control of the vehicle was lawful, and indeed in effect constituted an assertion by them to that effect.

■ It was proper for the state to show circumstances from which the jury could infer that the de-

fendant knew or reasonably believed that he was in possession or control of the vehicle and of the mattress and its contents. The exhibits when taken together with the other evidence in the case were sufficient to support such a conclusion. The defendant's state of mind concerning his possession and control of the vehicle, and the facts upon which it was based, was an important element. The exhibits were competent for this purpose. *See, Marr et al v. Putnam et al,* 213 Or 17, 321 P2d 1061 (1958); *State v. Fong,* 211 Or 1, 314 P2d 243 (1957); *State v. Planck,* 3 Or App 331, 473 P2d 694, Sup Ct *review denied* (1970).

We have previously stated in *State v. Higgins,* 1 Or App 84, 89, 459 P2d 452 (1969):

" '* * * An inference can be based upon a fact which is itself based upon circumstantial evidence, or a combination of direct and circumstantial evidence. [Citing cases.]' " *State v. Mathison,* 2 Or App 563, 566, 469 P2d 38 (1970).

It follows, then, that the motion for a judgment of acquittal was correctly overruled.

The judgment is affirmed.