Argued September 18, affirmed October 19, petition for rehearing
denied November 8, 1972, petition for review
denied January 4, 1973

## STATE OF OREGON, *Respondent, v.* GEORGE STEVEN SIMPSON (No. 37985), *Appellant.*

501 P2d 1311

*Dean Heiling,* Winston, argued the cause and filed the brief for appellant.

*Doyle L. Schiffman,* District Attorney, Roseburg,

argued the cause for respondent. With him on the brief was Brian R. Barnes, Deputy District Attorney, Roseburg.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

SCHWAB, C.J.

In a non-jury trial defendant was convicted of Criminal Activity in Drugs, ORS 167.207(1), i.e., possession of marihuana. On appeal his sole contention is that possession of narcotic drugs, which includes marihuana, ORS 474.010(18), is not a crime under Oregon's new criminal code. We hold to the contrary and affirm.

Under the statutes in effect before the first of this year the principal criminal provision concerning narcotic drugs was former ORS 474.020, which provided:

"(1) It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense or compound any narcotic drug, except as authorized in this chapter.
"* * * * *."

On January 1, 1972—the effective date of the new criminal code—former ORS 474.020 was repealed and the following provisions became effective:

"A person commits the crime of criminal activity in drugs if he knowingly and unlawfully manufactures, cultivates, transports, possesses, furnishes, prescribes, administers, dispenses or compounds a narcotic or dangerous drug." ORS 167.207(1).

"'Unlawfully' means in violation of any provision of ORS chapter 474 or 475." ORS 167.202(4).

Thus under these new statutes, it is a crime to possess narcotic drugs in violation of any provision of ORS ch 474.

Defendant argues that because of the repeal of former ORS 474.020(1) there is no provision of ORS ch 474 that prohibits the possession of narcotic drugs, and therefore possession of such drugs is never "unlawful" for purposes of ORS 167.207(1).

This analysis reads the phrase, "unlawfully * * * possesses," out of ORS 167.207(1). That is, if defendant is correct, it is impossible to unlawfully possess narcotic drugs. In addition, defendant's analysis renders meaningless the explicit penalty provision for conviction "for possession of less than one avoirdupois ounce of marihuana * * *." ORS 167.207(3).

■■ In applying these statutes we must give effect to every section, clause, phrase and word of the legislative act. *Blyth & Co., Inc. v. City of Portland,* 204 Or 153, 159, 282 P2d 363 (1955); *Union Pac. R.R. Co. v. Bean,* 167 Or 535, 549, 119 P2d 575 (1941).① It should not be presumed that the legislature enacted a meaningless provision. *Standard Ins. Co. v. Tax Com.,* 230 Or 461, 468, 370 P2d 608 (1962); *Wingfield v. National Biscuit Co.,* 8 Or App 408, 494 P2d 905 (1972).

In giving effect to the phrase, "unlawfully * * * possesses," in ORS 167.207(1), the intention of the

---

① *See also* ORS 174.010 which provides:

"In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all."

legislature is controlling. ORS 174.020.[2] Defendant contends the statutory language is plain and unambiguous, and that we are therefore limited to the words used by the legislature in determining its intent. We disagree. Since defendant's "plain and unambiguous" reading of the statutes in question renders certain parts thereof meaningless, we hold the statutes are sufficiently ambiguous to merit consideration of legislative history. *See, State Highway Com. v. Rawson,* 210 Or 593, 609, 312 P2d 849 (1957); *Gouge v. David et al,* 185 Or 437, 455, 202 P2d 489 (1949).

The legislative history of the new criminal code makes it clear that the legislature intended to reenact the substance of the prior law on this subject, i.e., possession of narcotics would be unlawful under the new code in those situations in which it was unlawful under prior law. The Criminal Law Revision Commission's Commentary to ORS 167.207 (Section 274 of the Proposed Criminal Code, p 263) states:

"Section 274 penalizes a broad range of illicit drug activity, including its manufacture, distribution, sale, possession and administration * * *.

"The *mens rea* requirement is that the conduct be 'knowing' and 'unlawful.' 'Unlawfully' means that the drug transaction is in violation of those Oregon statutes outside the criminal code that govern *lawful* drug activity, e.g., ORS chapters 474 and 475.

"* * * * * *

"ORS 474.020, prohibiting unlawful dealing in

_____

[2] ORS 174.020 provides:

"In the construction of a statute the intention of the legislature is to be pursued if possible; and when a general and particular provision are inconsistent, the latter is paramount to the former. So a particular intent shall control a general one that is inconsistent with it."

narcotic drugs, would be repealed * * *." (Emphasis in original.)

The Commentary to ORS 167.202 (Section 273 of the Proposed Criminal Code, p 274) states:

> " 'Unlawfully' is defined to mean in violation of ORS chapter 474 or 475 which establish the procedures and conditions whereby narcotic and dangerous drugs may be legally manufactured, transported, sold and possessed.
>
> *"The definitions in § 273 represent a restatement of existing law * * *."* (Emphasis supplied.)

The Commentary to Section 313 of the Proposed Criminal Code, p 281, which amended ORS 474.990 to eliminate the prior penalty for possessing narcotic drugs, states:

> "This section deletes penalty provisions that will be unnecessary if § 274, criminal activity in drugs, is adopted * * *."

■ These passages make it clear that the draftsmen of the code and the legislature did not intend to change the preexisting status of narcotic drugs. The legislature regarded ORS ch 474 as a comprehensive scheme for controlling all aspects of narcotic drugs. Under ORS ch 474 certain activity in narcotic drugs is lawful. The legislature intended to define as unlawful all conduct with respect to narcotics that is not explicitly lawful under ORS ch 474. In light of the legislative history, we interpret ORS 167.207(1) as expressing that intent.

Affirmed.