Argued November 29, affirmed December 8, 1972

STATE OF OREGON, *Respondent, v.* WILLIAM
DAVID ELDER, JR. (No. C-72-02-0694),
*Appellant.*

503 P2d 725

*Stephen S. Walker,* Portland, argued the cause and filed the brief for appellant.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the

brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

## LANGTRY, J.

Defendant appeals from conviction of a Class A misdemeanor, criminal activity in drugs. ORS 167.207. A jury had been waived. The sole assignment of error is that there was insufficient evidence for conviction.

Police executed a search warrant for drugs at a particular address in Portland. The premises was a large, old house. Several persons who were on the premises were arrested and substantial quantities of marihuana and heroin were found in upstairs bedrooms. In a downstairs bedroom the police found several letters, and a W-2 tax withholding form. The latter had defendant's name upon it, and a previous address. Some of the letters bore the address of the house being searched, along with defendant's name. No identification of any other person or other indication of any one else's occupancy was found in that room. Defendant Elder was not present at the time the search was made. In this room the police found some paraphernalia which had been used for marihuana smoking, and a very small amount of marihuana vegetable matter and 1.4 grams of hashish—a piece about the size of a small filbert—were found in baggies in the room. The W-2 form with defendant's name and address written upon it and the hashish were together in a humidor. Upon the basis of the foregoing evidence the court found "beyond a reasonable doubt the defendant is guilty * * *."

In *State v. Weller,* 263 Or 132, 501 P2d 794 (1972), the Oregon Supreme Court held that where there was proof two or more people were living upon premises where marihuana was found the evidence was insufficient for a possession conviction of one of them. There, the marihuana was found in an unoccupied bedroom, necessarily different from that occupied by the defendant. *Weller* is distinguishable from the case at bar because here the drug was found in the same room which the evidence indicated the defendant lived in, and all of the evidence of occupancy of the room pointed to him alone. We consider this to be evidence of control or right to control the drugs therein. It is a sufficient basis for the trial court's finding of fact. *See also State v. Nasholm,* 2 Or App 385, 467 P2d 647, Sup Ct *review denied* (1970); *State v. Williams,* 253 Or 646, 456 P2d 489 (1969).

Affirmed.