Argued June 19, affirmed as to Count I, reversed as to Count II
July 16, petition for rehearing denied August 23, 1973

STATE OF OREGON, *Respondent, v.*
DOUGLAS MOORE (No. 14-319),
*Appellant.*
511 P2d 880

Ronald D. Thom and Ronald E. Sherk, Oregon City, filed the brief for appellant.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

Defendant was convicted on both counts of an indictment charging (1) possession of a dangerous drug: barbiturate (former ORS 475.100) and (2) possession of a narcotic: marihuana (former ORS 474.020). He appeals, claiming that the evidence of his possession was insufficient to support the jury's verdict on either count.

The evidence showed that on December 16, 1971 the Beaverton police searched a three-bedroom apartment pursuant to a valid search warrant. During the search they found a pill bottle containing two pills (the barbiturate) in a dresser located in one of the three bedrooms. In the same dresser drawer there were

articles of male clothing and a receipt for $100 which stated:

"Date Nov 21, 1971
"Received From Douglas Moore
"Address 3413 S.W 125
"* * * * * *"

It was signed only with initials. Two pipes that contained marihuana residue were found on a coffee table next to a couch in the living room. A third pipe containing a small quantity of unburned marihuana was found in another bedroom. At the time the search commenced the apartment had two occupants. One Duffield was asleep on the living room couch close by the coffee table on which the two pipes were found. He was searched and a quantity of marihuana was found in his possession. Sherry Ellis was in the hallway near both the bedroom where the barbiturate was found and the bedroom containing the single pipe with the unburned marihuana.

After the search began Patricia Mooneyhan arrived at the apartment. She was searched and 46 amphetamine tablets were found in her purse. Defendant arrived at the apartment later and a search of him disclosed no contraband. Mooneyhan and Duffield were arrested and taken to the police station. Defendant was indicted and arrested later.

At the trial Mooneyhan testified that she and defendant had rented the apartment, that defendant had been sharing with Sherry Ellis the bedroom where the barbiturate was found and that he kept his things in the dresser in question. She testified that defendant and Ellis had argued some days before the search and that defendant had been sleeping on the living room couch bcause of this argument.

■ In a case where the sufficiency of circumstantial evidence is challenged, we view the evidence in the light most favorable to the state. *State v. Nix,* 7 Or App 383, 386, 491 P2d 635 (1971). The test is would a reasonable person, based upon all the evidence adduced in the case, be warranted in finding beyond a reasonable doubt that the defendant committed the offense charged. *State v. Zauner,* 250 Or 105, 109, 441 P2d 85 (1968); *State v. Wright,* 12 Or App 73, 76, 504 P2d 1065, Sup Ct *review denied* (1973).

■ To prove constructive possession of a dangerous drug or narcotic, the state must show the defendant knowingly exercised control of or the right to control the unlawful substance. *State v. Weller,* 263 Or 132, 501 P2d 794 (1972); *State v. Oare,* 249 Or 597, 599, 439 P2d 885 (1968); *State v. Neel,* 8 Or App 142, 493 P2d 740 (1972).

■ Here the evidence as to Count I is sufficient to support an inference that defendant knowingly exercised the right to control the barbiturate which was found in his dresser drawer. *State v. Williams,* 253 Or 646, 456 P2d 489 (1969).

■ As to the pipe found in the bedroom there is no evidence at all as to control, right to control, or knowledge. *State v. Weller,* supra; *State v. Chandler,* 2 Or App 107, 467 P2d 127 (1970).

The two pipes found on the table in the living room next to the couch present a closer question. Ignoring for the sake of argument whether defendant could be held to know of the *contents* of the pipes absent further evidence, there is no evidence that the defendant knew the pipes were there. He was not at home at the time the pipes were found. Another person on whom marihuana was found was asleep on the

couch next to the table where the pipes were. No marihuana was on defendant when he arrived, and none was in the dresser he used. The evidence showed any number of people could have placed the pipes on the table and smoked marihuana with them, because both the police and Mooneyhan testified that up to a dozen people besides defendant had been in and out of the house that evening.

There is also no evidence to show beyond a reasonable doubt that defendant had a right to control the pipes even if he knew of their presence. The fact that they were found on a table next to the couch he had recently been sleeping on does little to link the pipes to defendant. The table and couch were in the living area of the apartment to which all occupants had equal access, besides which, another who had marihuana on him was found asleep there. Such evidence is equally consistent with a finding that someone else had the exclusive right to control the pipes, as it is with a finding defendant had a right of control.

Affirmed as to Count I, reversed as to Count II.