Argued August 22, affirmed October 22, petition for rehearing
denied November 29, 1973, petition for review denied
January 22, 1974

# STATE OF OREGON, *Respondent, v.*
# RICHARD KROHN (No. 29110), *Appellant.*

514 P2d 1359

*Norman E. Harper,* Newberg, argued the cause and filed the brief for appellant.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before LANGTRY, Presiding Judge, and FOLEY and FORT, Judges.

FOLEY, J.

This is a companion case to *State v. Hunt,* 15 Or App 76, 514 P2d 1363 (1973) Sup Ct *review denied* (1974). Defendant Krohn was the driver of the automobile in which Miss Hunt was riding when she was observed to be holding a marihuana cigarette. The of-

ficer seized the cigarette and thereafter searched the car. Several butts of marihuana cigarettes were found in the ashtray and some marihuana seeds in other areas in the car. Defendant was found guilty of possession by a jury verdict and fined $75.

Defendant's first assignment of error is that the trial court erred in denying defendant's motion to suppress. The facts relating to this assignment of error are set out in the discussion of the first assignment of error in the companion case.

Defendant contends initially that Officer Hailey's observation of the hand-rolled cigarette in Miss Hunt's hand, even when coupled with her reaction to the officer's presence, did not give him probable cause to seize the marihuana cigarette. We have reached the contrary conclusion in the companion case.

■ Defendant further contends that the seizure of the marihuana cigarette, followed by visual inspection of the cigarette's contents, did not give Officer Hailey probable cause to search defendant's vehicle. We disagree. Officer Hailey's observations created grounds for a reasonable belief that a search of the car would turn up additional contraband. *State v. Keith,* 2 Or App 133, 465 P2d 724, Sup Ct *review denied* (1970). *See, State v. Emfinger,* 6 Or App 328, 487 P2d 1393 (1971).

Defendant's final contention with respect to his first assignment of error is that, even if police officers had probable cause to search his car, they should have gone to a magistrate for a search warrant before doing so.

■■ A well-established exception to the requirement that searches be carried out pursuant to warrant is that of "exigent circumstances." That is, given prob-

able cause, if the police reasonably believe that an immediate search is necessary to prevent the loss of evidence, they may proceed to search without a warrant. *Chambers v. Maroney,* 399 US 42, 90 S Ct 1975, 26 L Ed 2d 419 (1970); *State v. Poole,* 11 Or App 55, 500 P2d 726, Sup Ct *review denied* (1972); *State v. Emfinger,* supra; *State v. Keith,* supra. In this case, the mobile nature of the automobile, coupled with the fact that defendant was not yet under arrest, gave Officer Hailey and his fellow officers probable cause to believe that an immediate search was necessary in order to avoid possible loss of evidence.

Defendant correctly points out that in *Coolidge v. New Hampshire,* 403 US 443, 91 S Ct 2022, 29 L Ed 2d 564 (1971), the United States Supreme Court stated: "The word 'automobile' is not a talisman in whose presence the Fourth Amendment fades away and disappears. * * *" 403 US at 461-62. But the fact situation presented by the instant case (the readily moveable car on the street and the probable existence of contraband in the car) is readily distinguishable from the *Coolidge* facts and falls within the rule of the line of cases beginning with *Carroll v. United States,* 267 US 132, 45 S Ct 280, 69 L Ed 543, 39 ALR 790 (1925), and ending with *Chambers v. Maroney,* supra.

Defendant's second assignment of error is that the trial court erred in denying defendant's motion for a separate jury panel.

Leslie Hunt, the defendant in the companion case, was tried and convicted by a jury on March 26, 1973, for possession of the marihuana cigarette which was seized by Officer Hailey. Defendant herein, Krohn, was also charged with possession of marihuana which was found in his car during the ensuing search. On

March 28, 1973, defendant filed a Motion for Separate Jury Panel, on the basis that he could not receive a fair trial if he were tried by jurors drawn from the panel from which the *Hunt* jurors were drawn. The motion was denied.

ORS 17.115 provides that:

"No challenge shall be made or allowed to the panel. A challenge is an objection to a particular juror, and may be either peremptory or for cause."

In *State v. Fitzhugh,* 2 Or 227, 231 (1867), the Oregon Supreme Court stated that this provision means that "challenges to the panel of the jury * * * are * * * abolished * * *."

■ The proper course for defendant to pursue would have been to challenge not the panel, but the individual jurors who sat on the *Hunt* case. This might have been done through the use of appropriate challenges, both for cause and peremptory. Whether and to what extent such challenges were made is impossible for us to determine since defendant did not designate the voir dire as part of the record on appeal. There is an additional defect in this record on appeal which makes it impossible for us to review this assignment of error. Although defendant's brief sets out assertions concerning which jurors sat on both cases, these assertions are not substantiated since defendant did not designate the lists of panels and jurors as part of the record on appeal. Where an appellant fails to provide us with a record essential to review matters claimed to be error, we do not speculate as to what the record might have shown had it been properly designated. *State v. Gill,* 3 Or App 488, 495, 474 P2d 23, Sup Ct *review denied* (1970).

Defendant's third assignment of error is that

the court erred in denying defendant's motion for a directed verdict of acquittal. The ground for defendant's motion was that the state failed to prove that defendant had knowledge of possession of the marihuana which was found in various places in the automobile.

■■ To prove constructive possession of a dangerous drug or narcotic, the state must show that the defendant knowingly exercised control of or the right to control the unlawful substance, *State v. Moore,* 14 Or App 268, 511 P2d 880 (1973), but this may be shown by circumstantial evidence. *State v. Moore,* supra; *State v. Elder,* 11 Or App 481, 503 P2d 725 (1972). In this case, the evidence was uncontradicted that defendant owned the car in which the marihuana was found. As we stated in *State v. Wikum,* 6 Or App 405, 409, 488 P2d 815, Sup Ct *review denied* (1971):

> "Defendant concedes that his motion for acquittal was based on the ground of lack of evidence to support an inference of his possession or control of the marihuana. If the car belonged to or was under the control of Wikum, then there is a basis for such an inference. *State v. Oare,* 249 Or 597, 439 P2d 885 (1968); *State v. Chandler,* 2 Or App 107, 467 P2d 127 (1970). * * *"

In connection with defendant's claim of lack of knowledge of the presence of the marihuana in his car, actual knowledge may be inferred from the circumstances. *State v. Neel,* 8 Or App 142, 493 P2d 740 (1972).

Defendant's final assignment of error relates to the court's instructions to the jury. Defendant contends that the court erred in not giving the following requested instruction:

> "I instruct you that the State must prove beyond a reasonable doubt that the defendant had knowl-

edge that he was possessing marijuana and that his possession of such was unlawful. I instruct you that the term 'unlawful' in respect to the present charge means in violation of one of the provisions of ORS Chapter 474 or 475. The State must prove beyond a reasonable doubt the specific provision under ORS Chapter 474 or 475 that the defendant is alleged to have possessed marijuana in violation of."

The requested instruction misstates the law in several respects.[①] However, even had defendant's requested instruction stated the law correctly, the court still would not have erred in refusing to give it, since it gave instructions which accurately and fully stated the law in the areas alluded to by the requested instruction. As our Supreme Court stated in *State v. Robinson,* 235 Or 524, 527, 385 P2d 754 (1963):

"* * * [R]equested instructions are advisory, and the trial judge need not accept any of them even though it is material and is correctly worded if he gives another which is likewise correct."

Affirmed.

LANGTRY, J., specially concurring.

I concur in the court's opinion. It appears to me that a basis for the dissenting opinion cannot be found in the record in this case. It appears to be based upon implications drawn from assertions made in the briefs. I cannot even find in the briefs unequivocal affirmation by the state of the defendant's assertion that six members of the jury in this case sat in *State v. Hunt,* 15 Or App 76, 514 P2d 1363 (1973) Sup Ct re-

---

[①] For instance, the state need not show that defendant knew that his possession of marihuana was violative of the law, but only that he knew that he possessed marihuana. And the matter in the requested instruction which would require the state to prove violation of a specific provision of ORS ch 474 or 475 is incorrect in light of our opinion in State v. Simpson, 11 Or App 271, 501 P2d 1311, Sup Ct *review denied* (1973).

*view denied* (1974). No record shows this is so. Further, I find no hint either in the briefs or in the record to show that the defendant used challenges for cause against such jurors. This concurring opinion is written to negative any precedent stemming from the thought that the court may base its opinions or dissents upon a basis existing only outside the record.

FORT, J., dissenting.

I concur with the majority on all points except the second assignment of error. In *State v. Hunt,* 15 Or App 76, 514 P2d 1363 (1973) Sup Ct *review denied* (1974), we affirmed the conviction of a passenger in defendant's car despite our conclusion that there were two errors made in that case. Nevertheless, we concluded that they were not sufficiently prejudicial in that case to warrant a reversal.

In this case, respondent in its brief states:

"* * * In the present case, *although six jurors who sat on Miss Hunt's case evidently sat on defendant's case,* the trial judge did not abuse his discretion." (Emphasis supplied.)

In this case, the majority holds that because proper procedures were not invoked to challenge the impaneling of six of the same jurors and because of the inadequacies of the record, the conviction here should nevertheless be affirmed.

In my view, it is clear that the defendant apprised the court both in advance of and during the trial that he wished all jurors who sat on the *Hunt* case to be excluded from his jury.

While the majority correctly points out the proper and presumably available procedure was not

utilized by the defendant to challenge those jurors individually at the time they were impaneled, I nevertheless conclude that under the circumstances it was error to allow the six jurors who sat on the *Hunt* case to serve in this case, and that such error was fundamentally unfair and directly affected the right of the defendant to a fair and impartial trial. Accordingly, I would reverse and grant a new trial.