Argued October 25, affirmed November 25, 1974, petition
for review denied February 11, 1975

STATE OF OREGON, *Respondent, v.* ALBERT
HENRY NEHL (No. C-74-04-0707 Cr), *Appellant.*

528 P2d 555

*Howard R. Lonergan,* Portland, argued the cause
and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General,
Salem, argued the cause for respondent. With him on

the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and TANZER, Judges.

TANZER, J.

Defendant appeals from his conviction of criminal activity in drugs by possession of over one ounce of marihuana. He first asserts as error the denial of his motion to suppress based on the invalidity of a search warrant. The same warrant was held valid in the appeal of his wife and co-defendant, *see State v. Nehl* (Georgiana Susan), 19 Or App 586, 528 P2d 553 (1974).

Defendant further contends that the court erred in denying his motion for judgment of acquittal in that there was insufficient proof that he was in possession of the marihuana found in his home. The police officers who executed the search warrant testified as to their observations. The defendant and his wife were present and they indicated that each had access to all rooms. There were large quantities of marihuana and related paraphernalia found in various places in the home. In particular, in a shoebox in a kitchen cabinet were two plastic bags of marihuana, together with about 16 packages of cigarette paper, a hashish pipe, a cocaine kit and a soap dish with apparent hashish. The kitchen wastebasket contained several sheets of blue wrapping paper as is used in wrapping kilos of marihuana. On the kitchen counter was a large scale and the weights were in the shoebox. When the officers found a suitcase in a main floor closet, they asked defendant to open it, but he declined. The officer said

he would force it. The defendant said that he would not open it, but he would show the officer how to twist it open. There were five more kilos of marihuana inside.

Defendant argues in support of his assignment:

"The circumstantial evidence does not show this marihuana was not in defendant's wife's possession rather than in his, nor does it show he knew about its presence and remained in these premises thereafter. * * *"

To the contrary, possession, i.e., the control or right to control, may be actual or constructive, *State v. Oare,* 249 Or 597, 599, 439 P2d 885 (1968), and it may be proved by circumstantial evidence, *State v. Ayers,* 16 Or App 300, 518 P2d 190, *rev den* (1974); *State v. Moore,* 14 Or App 268, 271, 511 P2d 880 (1973). While one's mere presence in the quarters of others where contraband is found is not sufficient evidence to allow an inference of possession, *State v. Oare,* supra; *State v. Chandler,* 2 Or App 107, 467 P2d 127 (1970), evidence that the contraband is found in quarters owned or occupied by the defendant is sufficient to allow the inference that he controls or has the right to control its contents, even though others may be present and may share control jointly, *State v. Krohn,* 15 Or App 63, 514 P2d 1359, *rev den* (1973); *State v. Moore,* supra; *State v. Wikum,* 6 Or App 405, 488 P2d 815, *rev den* (1971).

This is such a case. Evidence that defendant and his wife had in their home large quantities of marihuana, certainly an abundant supply for usage by two persons, together with related paraphernalia, much of it in open view as if regularly used, allows a reason-

able mind to find that the defendant had actual or constructive joint or individual possession of that contraband. The motion for judgment of acquittal was properly denied.

Affirmed.