Argued and submitted November 16, 1987, affirmed February 10, 1988

In the Matter of
Justin Joseph Stevens, A Minor Child.
STATE ex rel JUVENILE DEPARTMENT OF
MULTNOMAH COUNTY,
*Respondent,*

*v.*

STEVENS,
*Appellant.*

(88080; CA A43264)

749 P2d 613

Gary Bertoni, Portland, argued the cause for appellant. With him on the brief was Saxon, Marquoit & Bertoni, Portland.

Christine Chute, Assistant Attorney General, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Joseph, Chief Judge,* and Van Hoomissen, Judge.

* Joseph, C. J., *vice* Young, J., deceased.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

The child appeals from an order finding him to be within the jurisdiction of the juvenile court because he committed an act which, if committed by an adult, would constitute a crime. ORS 419.476(1)(a).[1] He contends that the court erred in denying his motion to suppress evidence seized from his person after his arrest for a curfew violation. We affirm.

The child was arrested in a bowling alley at 10:30 p.m. on a school night. Multnomah County has a curfew ordinance, see ORS 419.750,[2] requiring all minors to be at home or in the company of their parents after 10:15 p.m. on school nights. Officer Berchard had been in the bowling alley for about five to ten minutes before the arrest. He observed the child in the pool room and approached him. Berchard did not have reason to believe that the child was engaging in any criminal activity. He told Berchard that he was sixteen years old, that he was not with his parents and that his parents did not know where he was. Berchard arrested him for the curfew violation and searched him incident to the arrest. He found a brown cloth pouch, some baggies and $110. The child gave Berchard permission to look inside the pouch. It contained methamphetamine.

The state filed a petition alleging that the child was within the jurisdiction of the juvenile court. At the hearing, the child moved to suppress the methamphetamine, arguing that it was the fruit of an unlawful arrest. The court denied his motion. He then stipulated to the petition and the state's exhibits. The court found that the state had proven that he

---

[1] ORS 419.476(1)(a) provides, in relevant part:

"(1) The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:

"(a) Who has committed an act which is a violation, or which if done by an adult would constitute a violation, of a law or ordinance of the United States or a state, county or city * * *."

[2] ORS 419.750 states:

"The county court or board of county commissioners of any county may provide by ordinance for a curfew restriction on minors applicable to areas not within a city, which has the same terms provided in ORS 419.710 except that the period of curfew may include hours in addition to those specified in ORS 419.710. The ordinance may provide different periods of curfew for different age groups."

has a serious drug problem and that he needs supervision. He was placed on probation for one year.

The child argues that the arrest was unlawful, because ORS 419.760 only permits arrest for curfew violations pursuant to ORS 419.569 and he did not fit into any category of juveniles to be arrested under that statute. The state argues that the curfew statute permits police to take juveniles into custody for violation of that statute alone. It also argues that the terms of ORS 419.569 explain the procedure for taking a juvenile into custody. ORS 419.760 provides:

> "Any minor who violates ORS 419.710 or an ordinance established under ORS 419.750 may be taken into custody as provided in ORS 419.569 and may be subjected to further proceedings as provided in ORS 419.472 to 419.597, 419.800 to 419.839 and 419.990(2)."

ORS 419.569 provides:

> "(1) A child may be taken into temporary custody by a peace officer, counselor, employe of the Children's Services Division or by any other person authorized by the juvenile court of the county in which the child is found, in the following circumstances:

> "(a) Where, if the child were an adult, the child could be arrested without a warrant; or

> "(b) Where the child's condition or surroundings reasonably appear to be such as to jeopardize the child's welfare; or

> "(c) Where the juvenile court, by order indorsed on the summons as provided in ORS 419.486(3) or otherwise, has ordered that the child be taken into temporary custody.

> "(2) In lieu of taking a child into custody, a peace officer may issue a citation to a child for the same offenses and under the same circumstances that a citation may be issued to an adult. Unless the citation is issued for violation of law or ordinance for which an order has been entered pursuant to ORS 419.533(5), the citation is returnable to the juvenile court of the county in which the citation is issued. Law enforcement agencies in a county, in consultation with the juvenile court of the county, may develop a form for citations issued pursuant to this subsection.

> "(3) A private person may take a child into temporary custody in circumstances where, if the child were an adult, the person could arrest the child."

In *State v. Morris,* 56 Or App 97, 102-03, 641 P2d 77, *rev den* 293 Or 340 (1982), we held that, in enacting the curfew statute, the legislature intended police officers to have the authority to stop persons suspected of violating juvenile curfew laws. In *Morris,* a child was stopped and questioned about his age. While stopped, he was searched, and several items of stolen property were discovered. He was subsequently placed under arrest for a curfew violation. He did not challenge whether the officer had probable cause to arrest him once the search had been conducted. He only challenged the initial stop as being beyond the scope of the statute and unconstitutional. We held that the stop was both authorized and constitutional and that the evidence should not have been suppressed. In this case, the child does not challenge the initial stop, but he does challenge his subsequent arrest.

ORS 419.760 permits the police to take a minor into custody for violation of any curfew ordinance established under ORS 419.750; the child is to be taken into custody as provided in ORS 419.569. The Multnomah County curfew ordinance was adopted pursuant to ORS 419.750. ORS 419.569 lists the various persons authorized to take a child into custody and provides peace officers with the option of issuing a citation in lieu of taking the child into custody. Subsection (1) also specifies conditions under which a child may be taken into custody. The child argues that he had to fit within one of those categories before the authority granted under ORS 419.760 could be exercised. That construction of ORS 419.569 would result in gutting ORS 419.760 (and, for that matter, ORS 419.750). In construing a statute, we are to presume that the legislature did not intend to enact a meaningless statute. *Thompson v. IDS Life Ins. Co.,* 274 Or 649, 656, 549 P2d 510 (1976); *State v. Simpson,* 11 Or App 271, 273, 501 P2d 1311 (1972), *rev den* (1973). ORS 419.760 has a common sense meaning only if the authority to take a child into custody for a curfew violation is not limited by the specific, non-curfew related, limitations in ORS 419.569. In order to read the statutes in such a way that the authority granted to take a child into custody under both statutes is meaningful, ORS 419.760 must be read to grant authority to take a child into custody for a curfew violation, but to do so within the procedures set out in ORS 419.569.

Berchard arrested the child for a curfew violation. He

had the authority and the discretion to do so, and the child does not challenge the scope of the search incident to the arrest. We find no error.

Affirmed.