*[567]
 
 ROBERTS, J.
 

 Defendant was convicted of criminal mischief in the second degree arising out of the painting of graffiti on the walls of a house in Coos Bay, Oregon. Defendant brings this appeal claiming three errors.
 

 Defendant’s first assignment is that the trial court erred in permitting an expert witness to testify concerning his opinion as to the likelihood that defendant was the person who wrote the words on the house. The words were painted on the house in letters approximately two feet in height using black paint. The expert called by the prosecution had been mainly trained as an expert in handwriting analysis. Defendant contends that there was not a sufficient showing of expertise in the comparison and identification of "arm printing.”
 

 The qualification of an expert to express an opinion is a matter within the sound discretion of the trial court.
 
 Ritter v. Beals et al.,
 
 225 Or 504, 358 P2d 1080 (1961). In the present case, the witness said he had "had” four cases involving writing with spray paint (the witness also testified he had "had” 1800 cases involving document examination), that his training included sign painting, and that he was familiar with arm motions and the formation of letters of great size. While it may seem dubious to some that a document examiner can accurately analyze large spray painted words, there was no abuse of discretion in allowing this witness to testify. It was for the jury to decide the weight of the testimony.
 

 Defendant also contends that it was error to allow the expert to state that there was "no doubt” in his mind that the defendant had written the words. Once an expert is qualified to the satisfaction of the trial court the witness may express an opinion on an ultimate fact if that fact cannot be equally well decided by the jury from the same evidence upon which the expert has based the opinion.
 
 Ritter v. Beals
 
 
 *[568]
 

 et al., supra.
 
 In this case, the ultimate fact of whether the defendant had done the writing was within the field of expertise and properly a subject for an expert opinion. The "no doubt” comment, which came on redirect examination, merely goes to the strength of that opinion and is not objectionable. There was no error in allowing the expert to express his opinion as to the likelihood that defendant had done the printing.
 

 Defendant’s second assignment of error claims forensic misconduct on the part of the prosecuting attorney who, in final argument to the jury, suggested that defendant might have painted the words on the house for revenge. There was no evidence directly supporting this inference. The testimony, however, did establish that defendant had been in the neighborhood the day of the night that the words were painted. He was there to pick up and care for a child whose father, a close friend of defendant’s, had been arrested for criminal activities in drugs. The house, on which the words "SNITCH,” "NARC,” and "FUCKER” were painted, was across the street from defendant’s arrested friend’s house.
 

 The inference that the writing was done as revenge for the arrest of defendant’s friend is clearly permissible. The argument in this case was in response to defendant’s argument that no motive had been shown.
 
 See State v. Oland,
 
 1 Or App 272, 461 P2d 277 (1969), Sup Ct
 
 review denied
 
 (1970);
 
 State v. Goodin,
 
 8 Or App 15, 492 P2d 287 (1971), Sup Ct
 
 review denied
 
 (1972). Counsel during argument is allowed to comment on the evidence and to draw all legitimate inferences therefrom, provided the limits of professional duty and propriety are not transcended.
 
 State v. Gill,
 
 3 Or App 488, 497, 474 P2d 23, Sup Ct
 
 review denied
 
 (1970). Control of closing arguments is left to the discretion of the trial court.
 
 State v. Gill,
 
 supra. We find no abuse in this instance.
 

 Defendant’s final contention is that the trial court erred in failing to grant its motion for a new trial
 
 *[569]
 
 based on new evidence. The new evidence relied upon consists of the sworn affidavit of a 15-year-old boy which stated, "* * * I was near the * * * house * * * and saw words of [G]raffiti being painted on the house with a spray can of black paint; that I know the persons who did the painting and that it was not [defendant].”
 

 The general rule is that motions for new trials, based on new evidence, are viewed with distrust and construed with great strictness.
 
 State v. Walker,
 
 244 Or 404, 417 P2d 1004 (1966);
 
 State v. Williams,
 
 2 Or App 367, 468 P2d 909 (1970). In order for such a motion to be granted, the evidence,
 
 inter alia,
 
 must meet the following requirements: (1) it must be such as will probably change the results; (2) it must have been discovered since the trial; and (3) it must be such as with the exercise of due diligence, could not have been discovered before the trial.
 
 State v. Williams, supra
 
 .
 

 In showing that newly discovered evidence meets the test set forth above, defendant is faced with a presumption that due diligence was not exercised.
 
 Lewis v. Nichols,
 
 164 Or 555, 103 P2d 284 (1940);
 
 Larson v. Heintz Const. Co. et al.,
 
 219 Or 25, 345 P2d 835 (1959). This presumption must be overcome by a showing of due diligence by the party moving for a new trial.
 

 In the present case, the affidavit does not mention any efforts made before the trial. In arguing the motion, defense counsel stated that it was "apparent” that the defendant, starting on a "cold trail,” could not find the witness. Also, it was said that the affidavit could not be required to show "every move made” in an attempt to find the witness.
 

 Although defendant need not show "every move made,” he must show some activity which indicates that due diligence was exercised and that the witness could not have been found. Recitation that diligence
 
 *[570]
 
 was exercised and appeals to the court to notice the "apparent” impossibility of finding the witness will not suffice. In this case, rumors of who had done the writing were prevalent in the community at the time defendant was arrested. It was defendant’s duty to follow up on the rumors and, if unsuccessful at that time, defendant would have been able to show that due diligence had been exercised.
 

 Defendant has failed to rebut the presumption that due diligence was not exercised and so cannot be granted a new trial on the basis of newly discovered evidence.
 

 Affirmed.