Argued April 25, affirmed July 5, 1978

# STATE OF OREGON, *Respondent,*
### *v.*
# ROBERT WARREN FENTRESS, *Appellant.*
### (No. C 77 06 07807, CA 9431)
580 P2d 1044

Howard R. Lonergan, Portland, argued the cause and filed the brief for appellant.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

THORNTON, J.

**THORNTON, J.**

Defendant appeals from a conviction after a jury trial of first degree robbery. ORS 164.415. He makes two assignments of error: (1) that the trial court erred in instructing the jury that it might infer that a firearm pointed at another person is loaded; and (2) that the trial court erred in denying defendant's motion for a new trial on the ground of newly discovered evidence.[1]

On March 9, 1977, the victim in this case made a deal with a prostitute, Carmellia Love, for sexual intercourse at an agreed price, which act was performed at his apartment. Later, she called for transportation from the apartment. After a man arrived to pick her up, he pointed a gun at the victim and the woman handcuffed him. The gunman took the victim's wallet, a $100 traveler's check, a television set and some other articles and left the apartment with Love.

The victim was able to identify the defendant as the gunman from a photographic throwdown as well as at trial. A motel keeper also was able to identify the defendant as the man who cashed the victim's traveler's check 19 days after the robbery.

Carmellia Love testified that defendant was not her accomplice, but a Lawrence Horton was, although she admitted that she told the Portland police, FBI and others that it was defendant who participated with her in the robbery. She also testified that Horton had cashed the traveler's check at the motel.

A Delores Johnson testified that she had been with defendant at her house the entire night of the robbery,

---

[1] ORS 17.610(4) provides:

"A former judgment may be set aside and a new trial granted on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

"* * * * *

"(4) Newly discovered evidence, material for the party making the application, which he could not with reasonable diligence have discovered and produced at the trial."

although a police detective testified that she had told the police earlier that she had not known defendant at the time of the robbery.

Several months after the trial, defendant moved for a new trial on the ground that new evidence had been discovered exculpating him from involvement in the robbery. The evidence in question was the testimony of a Cathy Edwards, who stated that she was on an automobile ride on March 10, 1977, with a Lawrence Horton when he went to an apartment that she remembered as being located in the vicinity of the victim's apartment. Horton went into the apartment building with handcuffs and returned carrying a television set and accompanied by a woman with the nickname of "Cigar."[2] After continued harassment from Horton, Edwards told a friend of the incident who relayed the information to Delores Johnson, which prompted the motion for a new trial.

■ As to defendant's first assignment of error, no exception was taken to the trial court's instruction, and we decline to review it on appeal. ORS 17.510; *State v. Varney,* 244 Or 583, 419 P2d 430 (1966).

■■ Defendant claims under his second assigment of error that the testimony of Cathy Edwards was newly discovered evidence entitling him to a new trial. Applications for new trial based on newly discovered evidence are viewed with distrust and construed with great strictness. *State v. Williams,* 2 Or App 367, 370-71, 468 P2d 909 (1970). Such motions are addressed to the sound discretion of the trial court.

In *State v. Williams, supra,* this court stated that to justify a new trial newly discovered evidence

    "(1) must be such as will probably change the result if a new trial is granted;

    "(2) must have been discovered since the trial;

    "(3) must be such as could not have been discovered before the trial by the exercise of due diligence;

---

[2]Carmellia Love's nickname was "Cigar."

"(4) must be material to the issue;

"(5) must not be merely cumulative of former evidence;

"(6) must not be merely impeaching or contradicting of former evidence." 2 Or App at 371.

■ Essentially, this test boils down to three factors: (1) probable change in result; (2) discovered since trial; and (3) could not have been discovered before trial by due diligence. Materiality, cumulativeness and the purpose of the evidence are merely considerations under requirement (1). *State v. Williams, supra* at 372-73.

■ In the instant case we are satisfied that the evidence could have been discovered by due diligence, because Carmellia Love would have known of Edwards' existence if Edwards was telling the truth. There was no evidence at the hearing on the motion for a new trial that Love was ever asked by defendant, his attorney or investigator whether there was another witness in the car the night of the robbery. It seems to us that due diligence would require such a showing or that defendant was precluded for some reason from inquiring of Love as to the existence of other witnesses. *See, State v. Bolger,* 31 Or App 565, 570 P2d 1018 (1977), *rev den* 281 Or 531 (1978).

■ Even assuming, however, that due diligence was exercised, we conclude that the trial court did not abuse its discretion in finding that the result of the trial would probably not be changed by the testimony of Edwards. Testimony was adduced at trial that Lawrence Horton was Love's accomplice and that defendant was not at the scene of the robbery on the night in question. Edwards' testimony, while not impeached by prior inconsistent statements, was merely cumulative of other evidence and served only to contradict the victim's identification of defendant. The trial court properly denied defendant's motion for a new trial. *State v. Williams, supra; State v. Oland,* 1 Or App 272, 461 P2d 277 (1969), *rev den* (1970).

Affirmed.