STATE OF OREGON,
*Respondent,*
*v.*
EDWARD E. QUIRING,
*Appellant.*

(No. 7038, CA 12766)

598 P2d 1294

Roy Kilpatrick, Mt. Vernon, argued the cause for appellant. On the brief were Milo Pope and Kilpatricks & Pope, Mt. Vernon.

Catherine Allan, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

Following a trial to the court, defendant was convicted of three counts of Sexual Abuse in the First Degree, ORS 163.425. He moved for a new trial, based on the discovery of new evidence, ORS 17.610(4),[1] and, after the denial of that motion, moved for reconsideration, claiming he had been denied due process by an alleged suppression of the same evidence by the state. Defendant appeals, assigning as error the denial of both of these motions.[2] We affirm.

ORS 163.425 provides in relevant part:

"(1) A person commits the crime of sexual abuse in the first degree when he subjects another person to sexual contact; and

"(a) The victim is less than 12 years of age;
"* * * * *."

ORS 163.305(6) defines "sexual contact" as

"* * * any touching of the sexual or other intimate parts of a person or causing such person to touch the sexual or other intimate parts of the actor for the purpose of arousing or gratifying the sexual desire of either party."

The indictment charged defendant with committing Sexual Abuse in the First Degree by rubbing the genitals of a nine-year-old girl (hereinafter T) and having her do the same to him and with rubbing the genitals of a second girl (hereinafter K) aged six.

---

[1] ORS 17.610(4) provides:

"A former judgment may be set aside and a new trial granted on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

"* * * * *

"(4) Newly discovered evidence, material for the party making the application, which he could not with reasonable diligence have discovered and produced at the trial.

"* * * * *."

[2] Defendant also assigns as error the denial of his motion for judgment of acquittal. However, since the motion was not timely, we do not consider this issue.

Testimony at the trial revealed that on the day of the alleged incidents defendant had taken a hike with his father, his 16-year-old daughter, her 14-year-old boyfriend and the two complaining witnesses who had been included in the outing at the daughter's request. T recounted that in the course of the hike she had found herself alone with the defendant and that he had rubbed her genital area, had her do the same to him, then kissed her on the lips. At the prosecutor's request, she demonstrated the extent of the touching by vigorously rubbing one hand against the other. K stated that the defendant had touched her for "a little while" and then kissed her on the lips. Defendant denied having had any sexual contact with either girl, stating that he had done no more than kiss T "like you would your own kid" while he was engaged in a conversation with his father who was a few feet away picking flowers. The others in the party testified that they had never seen defendant kiss either of the girls.

The case was tried on August 24, 1978. The trial judge entered a judgment on September 5, 1978, finding defendant guilty as charged on all three counts. That same day defendant filed a motion for new trial claiming that he had newly discovered evidence in the form of a denial by complaining witness T that the incident had occurred as testified to at trial. The motion was accompanied by affidavits from the defendant and defense attorney stating that T's father had told them that T had given him a different story before the trial than the story told by T on the stand, that the incident had involved a touching or brushing and not a rubbing and that T was sorry she had lied on the stand.

T's father submitted an affidavit stating that T had told him and her stepmother that there had been no rubbing or touching by the defendant and that she had lied on the stand.

The prosecutor submitted an affidavit stating that he had not coached the girls and that their stories had

remained substantially the same from the time they first recounted them to their mothers and police officers called in connection with the incident. He noted that he had not been involved in the case when the girls first told their stories.

The trial judge held a hearing on the motion and extensive testimony was taken from both attorneys, T's father and stepmother and T herself. The judge denied the motion in a memorandum opinion which stated in relevant part:

"* * * [T] indicated in court, by the use of her hands, that the defendant rather vigorously rubbed her genital area and that she was requested to rather vigorously rub his genital area.

"In the hearing on the Motion for New Trial, [T] continued to indicate that defendant placed his hand on her genital area and defendant placed her hand on his genital area, but she denied that the rather vigorous rubbing took place as she had earlier demonstrated by use of her hands. Although her testimony was somewhat contradictory and unclear, [T] indicated that the touching of the genitals occurred with the back of defendant's hand and the back of her hand and that this touching occurred immediately prior to or simultaneously with the defendant kissing her.

"I conclude that the result of the trial would probably not be changed by the change in [T's] testimony. The testimony at trial and at the hearing on the motion was consistent to the extent that at both times it indicated that defendant touched [T's] genital area and she was forced to touch his genital area and that this was followed by defendant kissing [T] on the lips. See ORS 163.305(6). The only contradiction or inconsistency is in the extent of the touching of the genital areas. * * * The Court specifically finds from the evidence that the contact of the genital areas was intentional and not inadvertent or accidental on the part of defendant.

"* * * * *."

The judge's findings are supported by the record. T's story remained substantially the same as she

recounted it to her mother, the police and the trial court.

Between the time of the incident and the time of trial she went to stay with her father and stepmother. According to the stepmother's testimony at the motion hearing, T volunteered to her that something "scary" had happened to her. She was questioned by her stepmother and father about the incident and apparently told a story leading them to believe it had been more of a touching that a rubbing. After they heard her testify, T's father and stepmother again questioned her, asking her why she had lied. From the record of the motion hearing it would appear that her alleged recanting was more a scaling down of the extent of the touching. T was repeatedly questioned by her father and stepmother and at one point during the evening of the day of the trial put on the telephone and told to apologize to defendant. She was again closely questioned by the trial judge during the motion hearing. Although she was clearly baffled by the repeated questioning, she never waivered from her story that some touching had taken place and, in fact, refused during her father's repeated questioning on the night of the trial to say that nothing had occurred.

In order to justify the granting of a new trial, newly discovered evidence must (1) be such as will probably change the result if a new trial is granted; (2) have been discovered since the trial; and (3) be such as could not have been discovered before trial by due diligence. *State v. Fentress,* 35 Or App 63, 580 P2d 1044 (1978). We give credit to the trial judge who was fact finder at the trial and found after the hearing that the new evidence would be unlikely to change the result of the trial, since it still indicated a touching as required by ORS 163.305(6).[3]

_____

[3] We further note that the father testified at the motion hearing that he had told the defense attorney during the trial that he was upset about T's testimony and thought it untrue. The defense attorney did not recall talking with the father before the trial was over, but testified that he had spoken with him about T's testimony after the trial and before the verdict. This testimony casts doubt on part (2) of the above test as well.

■ Defendant next filed a motion for reconsideration of the order denying the motion for a new trial.[4] This motion as based upon a claim that the prosecutor had known prior to the trial from a conversation with the father that the story T had told her mother, the police and the grand jury was not true and that the prosecutor had withheld this information from the defense. The trial court denied this motion as well, finding that the issue of nondisclosure had not been raised by the motion for a new trial, that defense counsel had known the facts upon which the claim was based prior to filing the motion for new trial and could not now raise the issue for the first time. He further found that even if the issue had been properly raised, there was no failure to disclose, and that even if there had been, the evidence was neither "material" to defendant's guilt or innocence, nor "favorable" to the defendant as required by this court in *State v. Kilpatrick,* 35 Or App 749, 582 P2d 480 (1978) for the granting of a new trial based on failure to disclose evidence. There is evidence to support the trial court's finding that the reputed failure to disclose was known to defendant at the time of the first motion and should have been raised at that time. We, therefore, decline to reach the merits of this assignment of error.

Affirmed.

---

[4] The motion for reconsideration is not included in the record. However, there are no discrepancies as to its contents in the descriptions given in the briefs and the judge's memorandum opinion denying it.