Argued and submitted November 3, 1986, reversed and remanded March 4, 1987

BURT,
*Appellant,*

*v.*

BLUMENAUER et al,
*Respondents.*

(A8112-07353; CA A38623)

733 P2d 462

Charles O. Porter, Eugene, argued the cause and filed the briefs for appellant.

Rives Kistler, Portland, argued the cause for respondents Earl Blumenauer, Dennis Buchanan and Gladys McCoy. With him on the brief were Stephen L. Griffith and Stoel, Rives, Boley, Fraser & Wyse, Portland.

James N. Westwood, Portland, argued the cause for respondents Don Clark, Robert Isman and David Lawrence. On the brief were John W. Osburn, Jeffrey B. Millner and Miller, Nash, Wiener, Hager & Carlsen, Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Plaintiff, a Multnomah County taxpayer, brought this action under ORS 294.100 against defendants[1] to require them to repay county funds allegedly spent in violation of ORS 260.432[2] to defeat an initiative ballot measure to halt fluoridation of Portland's water supply. The trial court initially granted summary judgment in favor of defendants, finding as a matter of law that the expenditures were not unlawful. We reversed, holding that there were genuine issues of material fact concerning whether the expenditures violated ORS 260.432. *Burt v. Blumenauer,* 65 Or App 399, 672 P2d 51 (1983). The Supreme Court affirmed our decision and remanded the case to the trial court for further proceedings. 299 Or 55, 699 P2d 168 (1985). On remand, the trial court granted defendants' ORCP 21 motions and dismissed the action on the basis of defendants' contention that a taxpayer action brought under ORS 294.100 for violation of ORS 260.432 is a tort claim subject to the Oregon Tort Claims Act (OTCA), ORS 30.260 to ORS 30.300. The motions were granted, because plaintiff had failed to comply with the notice requirements of OTCA. Plaintiff appeals. We reverse.

Plaintiff contends that a taxpayer action under ORS 294.100 is not a tort claim within the meaning of OTCA.[3]

---

[1] At the time of the expenditures, defendants Blumenauer, McCoy and Buchanan were Multnomah County Commissioners, defendant Clark was the Multnomah County Executive, defendant Isman was the Multnomah County Dental Health Officer and defendant Lawrence was the Director of the Multnomah County Department of Human Resources.

[2] ORS 260.432 provides, in pertinent part:

"(1) No person shall attempt to, or actually, coerce, command or require a public employe to influence or give money, service or other thing of value to promote or oppose any political committee or to promote or oppose the nomination or election of a candidate, the adoption of a measure or the recall of a public office holder.

"(2) No public employe shall solicit any money, influence, service or other thing of value or otherwise promote any political committee or promote or oppose the nomination or election of a candidate, the adoption of a measure or the recall of a public officer holder while on the job during working hours. However, this section does not restrict the right of a public employe to express personal political views."

[3] Defendants argue that plaintiff failed to raise in the trial court the issue that a taxpayer derivative suit does not fall within the act and that, therefore, he should not be allowed to raise it here. The record clearly reveals that plaintiff raised the issue below.

Defendants argue that, because plaintiff alleges that they breached a legal duty that did not arise from contract, OTCA necessarily applies. In construing the statutes, we are mindful that we are to construe them as a whole and not in parts or sections. *Rivers v. SAIF*, 45 Or App 1105, 1108, 610 P2d 288 (1980). When several statutory provisions are involved, a construction should be adopted that gives effect to all of them, if possible. ORS 174.010. We cannot presume that the legislature enacted a meaningless statute. *State v. Simpson*, 11 Or App 271, 273, 501 P2d 1311, *rev den* (1973).

The scope of OTCA is set forth in ORS 30.265(1), which provides, in part:

> "[E]very public body is subject to action or suit for its torts and those of its officers, employes and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function * * *. As used in [the OTCA], 'tort' means the breach of a legal duty that is imposed by law, other than a duty arising from contract or quasi-contract, the breach of which results in injury to a specific person or persons for which the law provides a civil right of action for damages or for a protective remedy."[4]

ORS 30.285(1) provides:

> "[T]he governing body of any public body shall defend, save harmless and indemnify any of its officers, employes and agents, whether elective or appointive, against any tort claim or demand, whether groundless or otherwise, arising out of an alleged act or omission occurring in the performance of duty."

A public body, its officers, employes and agents are subject to suit for their "torts," as that term is defined, and if officers, employes and agents are sued individually, the public body must provide their legal defense and indemnify them for any civil liability incurred.

ORS 294.100 provides, in pertinent part:

> "(1)  It is unlawful for any public official to expend any

---

[4] The quoted language comes from the statute as it presently reads. ORS 30.265 has been amended twice since the expenditures occurred, *see* Or Laws 1981, ch 490, § 4 and Or Laws 1985, ch 731, § 31, but those amendments did not substantively change the statute as it relates to this appeal. The legislative definition of "tort," one of the 1985 amendments, merely restates and clarifies the judicial definition in *Urban Renewal Agency v. Lackey*, 275 Or 35, 38, 549 P2d 657 (1976). Accordingly, we apply the statute as it presently reads.

money in excess of the amounts, or for any other or different purpose than provided by law.

"(2) Any public official who expends any public money in excess of the amounts, or for any other or different purpose or purposes than authorized by law shall be civilly liable for return of the money by suit of the district attorney of the district where the offense is committed, or at the suit of any taxpayer of such district."

A public official thus may be held civilly liable for the return of unlawfully expended public funds through an action brought by either the district attorney or a taxpayer. Plaintiff's action was brought under ORS 294.100 to redress injury caused to Multnomah County and its taxpayers by defendants' unlawful expenditures. It thus does not fall within the meaning of "tort" in ORS 30.265(1), which requires that the breach of duty result "in injury to a specific person or persons."

Furthermore, an anomalous result occurs if plaintiff's action under ORS 294.100 is labeled a "tort" within the meaning of OTCA. Any judgment that might be rendered in favor of plaintiff in his capacity as a taxpayer of Multnomah County and against defendants would have to be paid by Multnomah County because of OTCA's indemnity clause, ORS 30.285. In effect, Multnomah County would be liable to *itself* for the misspent funds. It would also be required to pay all of defendants' legal defense costs. We cannot impute such an intent to a legislative enactment. This result would render ORS 294.100 meaningless, because any unlawfully expended funds could never be recovered, and an action under that statute would therefore be a futile undertaking.

Reversed and remanded.