On respondents' reconsideration filed April 24, and appellant's response to reconsideration filed May 15, reconsideration allowed, former opinion (84 Or App 144, 733 P2d 462) modified and adhered to as modified September 9, 1987

**BURT,**
*Appellant,* .

*v.*

**BLUMENAUER et al,**
*Respondents.*

(A8112-07353; CA A38623)

742 P2d 626

Stephen L. Griffith, Portland, and John W. Osburn, Portland, for petition.

Charles O. Porter, Eugene, contra.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

**WARDEN, P. J.**

Defendants petition for reconsideration, ORAP 10.10, of our decision in this case, 84 Or App 144, 733 P2d 462 (1987). We allow reconsideration and adhere to our former decision as modified and clarified by this opinion.

The trial court held that a taxpayer action brought under ORS 294.100 is a tort claim subject to the Oregon Tort Claims Act (OTCA), ORS 30.260 to ORS 30.300, and then granted defendants' ORCP 21 motions to dismiss on the ground that plaintiff had failed to comply with the notice requirements of OTCA. We reversed, in part by applying specific language of a 1985 amendment to ORS 30.265(1) that provided a legislative definition of "tort."

■ On reconsideration, we agree with defendants that we should not have applied that specific language to defendants' actions that occurred in 1980, even though the relevant portion of the 1985 amendment did not substantively alter prior law. However, that does not require a different result. The legislature enacted ORS 294.100 over three decades before OTCA was enacted. It is axiomatic that, in enacting subsequent legislation, the legislature's knowledge of earlier enactments is presumed. When several statutory provisions are involved, we should render a construction that gives effect to all of them, if possible. ORS 174.010. We cannot presume that the legislature enacted a meaningless statute. *State v. Simpson,* 11 Or App 271, 273, 501 P2d 1311 (1972), *rev den* (1973). As we noted in our former opinion, applying the indemnification provisions of OTCA to plaintiff's taxpayer action under ORS 294.100 renders the taxpayer action a useless endeavor, because, if defendants are found to be liable for the allegedly misspent funds, Multnomah County would be liable to itself for the wrongful expenditures and would have to cover defendants' legal expense. A holding that a taxpayer action is a tort claim within the meaning of OTCA would thus effectively repeal ORS 294.100, a task that only the legislature could appropriately perform. For those reasons, we conclude that, in enacting and amending OTCA, the legislature did not intend to include a taxpayer action brought under ORS 294.100 within the meaning of "tort" as that term is used in OTCA.

Reconsideration allowed; former opinion modified and adhered to as modified.