Argued and submitted January 7, affirmed July 27, petition for review allowed
November 15, 1994 (320 Or 360)

CITY OF TUALATIN,
*Appellant,*

*v.*

CITY-COUNTY INSURANCE
SERVICES TRUST,
Ted Lopuszynski, Trustee, Kent Taylor, Trustee,
Daniel J. Ahern, Trustee, Laura Pryor, Trustee,
Nels Hanson, Trustee and Larry Lehman, Trustee,
*Respondents.*

(91D-301739; CA A79184)
878 P2d 1139

Ridgway K. Foley, Jr., argued the cause for appellant. With him on the briefs were M. Elizabeth Duncan, Mark E. Pilliod, City Attorney, City of Tualatin, and Foley & Duncan, P.C.

James E. Mountain, Jr., argued the cause for respondents. With him on the brief was Harrang Long Watkinson Laird & Rubenstein, P.C.

Before Rossman, Presiding Judge, Richardson, Chief Judge, and Leeson, Judge.

RICHARDSON, C. J.

## RICHARDSON, C. J.

City of Tualatin (City) appeals from a summary judgment entered for City-County Insurance Services and its trustees (CIS) on City's claim for indemnification by CIS for costs associated with defending City's mayor. We affirm.

The facts relevant to this appeal are not disputed. CIS provides City with primary liability coverage for claims brought against City. The insurance agreement between the parties obligates CIS to pay damages incurred by City under the Oregon Tort Claims Act (OTCA):

"[T]he Company will pay on behalf of the Insured all sums which the Insured shall be legally obligated to pay as 'damages' because of:

"Coverage A:   Liability arising under Oregon Revised Statutes 30.260 to 30.300[.]"

A complaint was filed with the Oregon Government Ethics Commission (OGEC) against City's mayor. The complaint alleged that the mayor's participation in a land use matter before the city council constituted a conflict of interest. The mayor tendered defense of the matter to City, which in turn tendered defense to CIS. CIS refused to defend the mayor. The mayor defended the complaint, which was ultimately dismissed by OGEC, and submitted a bill for attorney fees and costs to City. City paid the bill and sought reimbursement from CIS. When CIS refused to pay, City brought this action against CIS for breaches of contract, trust agreement and fiduciary duty. On cross-motions for summary judgment, the trial court determined that the complaint alleging the ethics violation was not a "tort claim or demand" under the OTCA. It consequently denied City's motion for summary judgment and granted CIS's motion.

■   Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. ORCP 47; *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978). Because the facts are not disputed, the only issue is whether, as a matter of law, CIS was required to reimburse City under the parties' insurance agreement, *i.e.*, whether the ethics complaint against the mayor was a "tort claim or demand" under the OTCA.

Several provisions of the OTCA address a public body's obligation to defend its officers. ORS 30.285 provides, in relevant part:

"(1) The governing body of any public body shall defend, save harmless and indemnify any of its officers, employees and agents, whether elective or appointive, against any tort claim or demand, whether groundless or otherwise, arising out of an alleged act or omission occurring in the performance of duty.

"(2) The provisions of subsection (1) of this section do not apply in case of malfeasance in office or willful or wanton neglect of duty."

ORS 30.287(1) provides:

"If any civil action, suit or proceeding is brought against any officer, employee or agent of a local public body other than the state which on its face falls within the provisions of ORS 30.285(1), or which the officer, employee or agent asserts to be based in fact upon an alleged act or omission in the performance of duty, the officer, employee or agent may file a written request for counsel with the governing body of the public body. The governing body shall thereupon engage counsel to appear and defend the officer, employee or agent unless after investigation it is determined that the claim or demand does not arise out of an alleged act or omission occurring in the performance of duty, or that the act or omission complained of amounted to malfeasance in office or willful or wanton neglect of duty, in which case the governing body shall reject defense of the claim."

ORS 30.287(3) provides:

"If the governing body rejects defense of a claim under subsection (1) of this section, no public funds shall be paid in settlement of the claim or in payment of any judgment against such officer, employee or agent. Such action by the governing body shall not prejudice the right of the officer, employee or agent to assert and establish in an appropriate proceeding[] that the claim or demand in fact arose out of an alleged act or omission occurring in the performance of duty, or that the act or omission complained of did not amount to malfeasance in office or willful or wanton neglect of duty, in which case the officer, employee or agent shall be indemnified by the public body against liability and reasonable costs of defending the claim."

City makes two arguments to support its claim that the ethics complaint comes within the OTCA and, therefore, within the coverage provided by CIS. First, City argues that the ethics complaint, which alleged a violation of ORS 244.040, constitutes a "tort claim or demand" within the scope of ORS 30.285(1). For purposes of the OTCA, a tort is defined as:

> "the breach of a legal duty that is imposed by law, other than a duty arising from contract or quasi-contract, * * * which results in injury to a specific person or persons for which the law provides a civil right of action for damages or for a protective remedy." ORS 30.260(8).

■■ The violation of ORS 244.040 alleged in the ethics complaint does not constitute a "tort" under this definition. ORS 244.040 imposes a "code of ethics" that prohibits public officials from engaging in certain conduct.[1] As such, it imposes legal duties other than duties arising from contract or quasi-contract. However, to constitute a tort under ORS 30.260(8), the law must also provide a civil right of action for damages or a protective remedy for specific persons claiming injury due to a violation of ORS 244.040. *Griffin v. Tri-Met*, 318 Or 500, 507, 870 P2d 808 (1994); *Burt v. Blumenauer*, 84 Or App 144, 733 P2d 462, *on recon* 87 Or App 263, 742 P2d 626, *rev den* 304 Or 405 (1987). ORS chapter 244 does not provide such a right. City points to ORS 244.260, but that statute only authorizes the OGEC to review and investigate complaints filed against officials and sets out the attendant procedures. OAR 199-20-035(3) allows citizens to *request*, by signed complaint, that the OGEC investigate an alleged violation, but it does not create a civil right of action for relief.[2] Furthermore, although ORS 244.350[3] and ORS 244.360

---

[1] The record does not reveal which subsection of ORS 244.040 the mayor allegedly violated. However, the specific subsection makes no difference in our analysis. We do not quote the entire statute because of its length.

[2] At the time, OAR 199-20-035(3) provided:

"Citizen Participation. Citizens and public officials, may by signed complaint, request the Commission to investigate violations and infractions of Chapter 72, Oregon Laws, 1974 [ORS Chapter 244]. The Commission, on its own instigation[,] may also proceed with an investigation regarding violation and infractions of the Act. Should the Commission decide not to pursue a request for investigation, it must determine that no probable cause exists to justify the investigation, and so inform the complainant."

[3] ORS 244.350 has since been amended by Oregon Laws 1993, chapter 743, section 29 and chapter 747, section 2.

impose civil penalties for violations, those penalties are paid to the state, not to the complainant. ORS 244.370(5) (*since amended by* Or Laws 1991, ch 734, § 13). Chapter 244 does not provide any other remedy for a complainant. In short, the enforcement of the ethics law is not directed at providing relief for specific persons claiming injury resulting from a violation of duty, but is designed "to deter violation of the legislative policy of safeguarding the public trust inherent in holding a public office." *Groener v. Oregon Gov't Ethics Comm.*, 59 Or App 459, 469, 651 P2d 736 (1982).

In its second argument, City contends that ORS 30.287(1) extends its duty to defend beyond a "tort claim or demand" to a claim originating from activity within the scope of the officer's duties. It argues that the following emphasized language in ORS 30.287(1) was intended to broaden the duty to defend:

> "If any civil action, suit or proceeding is brought against any officer, employee or agent of a local public body other than the state which on its face falls within the provisions of ORS 30.285(1), *or which the officer, employee or agent asserts to be based in fact upon an alleged act or omission in the performance of duty*, the officer, employee or agent may file a written request for counsel with the governing body."

City asserts that the emphasized language must encompass actions other than those set out in ORS 30.285(1), or the emphasized language is superfluous. It also points out that interpreting the language in ORS 30.287 as extending the public body's duty to defend is not unusual: In many insurance contracts, the insurer's duty to defend is broader than its duty to indemnify the insured. CIS responds that ORS 30.285(1) defines the scope of the public body's duty to defend and that ORS 30.287(1) and (3) provide the procedures for effectuating the rights provided in ORS 30.285(1). It contends that the emphasized language merely allows an officer to request defense of a tort claim that on its face does not arise out of the performance of an official duty.

■■ In interpreting a statute, our task is to discern the intent of the legislature. We begin by examining the text of the statute and are mindful that we must read the sections and construe them as a whole and not as separate parts. *Burt v. Blumenauer, supra; Rivers v. SAIF*, 45 Or App 1105, 610

P2d 288 (1980). If the intent of the legislature is not clear from a reading of the statute, we may consider legislative history.

■     The text of ORS 30.287(1), read in the appropriate milieu, establishes that the legislature did not intend ORS 30.287(1) to expand the public body's duty to defend. ORS 30.265(1) sets out the general scope of the OTCA and limits subject actions to torts:

"Subject to the limitations of ORS 30.260 to 30.300, every public body is subject to action or suit for its torts and those of its officers, employees and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function or while operating a motor vehicle in a ridesharing arrangement authorized under ORS 276.598."[4]

ORS 30.285(1) specifically describes a public body's duties to "defend, save harmless and indemnify" its officers and limits those duties to "tort claim[s] or demand[s.]" In *Krieger v. Just*, 117 Or App 64, 67, 843 P2d 473 (1992), *aff'd on different grounds* 319 Or 328, 876 P2d 754 (1994), we discussed the scope of the OTCA in relation to the notice requirements of ORS 30.275 and concluded that ORS 30.265 and ORS 30.285(1) are unambiguous:

"The relevant statutes are clear: Public bodies are amenable to action and are required to defend and indemnify for tort claims against employees 'acting within the scope of their employment or duties' * * *."

Read in context, the disputed language in ORS 30.287(1) does not extend the duty to defend. The language specifically relates to the requirement of ORS 30.285(1) that the alleged act or omission be in the performance of duty, and allows an officer to assert his or her right to a defense even though the action, on its face, does not allege that the tort arose from an act within the scope of employment or performance of duty.[5]

---

[4] ORS 30.265(1) has since been amended by Oregon Laws 1991, chapter 861, section 1.

[5] Although it is unnecessary to rely on legislative history, it supports our conclusion. In discussing the enactment of ORS 30.285(3) and ORS 30.287(1), then Attorney General Lee Johnson explained that the statutes allow a public officer to tender defense to the public body when the plaintiff alleges that the officer committed the tort outside the scope of his employment or with malfeasance. If the

As discussed above, the ethics complaint is not a tort claim or demand that required City's defense under OTCA. Thus, CIS was not required to reimburse City for the cost of the mayor's defense under the parties' agreement.[6] The trial court did not err in granting summary judgment to CIS.

Affirmed.

government rejects the defense and the officer later establishes that the tort was committed within the scope of employment, the officer is entitled to attorney fees and costs. Tape recording, Joint Ways and Means Subcommittee on Capital Construction, April 14, 1975, Tape 3, Side 2 at 175-200.

[6] We emphasize that the basic question in this case is whether the alleged conduct is subject to the OTCA and is therefore within CIS's coverage. The issue is *not* whether conduct that comes within the Act, but which the governmental employer could refuse to defend under ORS 30.285(2) and ORS 30.287, would be subject to an argument by an insurer similar to the one that CIS makes here.