Argued and submitted March 9, decision of the Court of Appeals and judgment of the district court affirmed May 25, 1995

## CITY OF TUALATIN,
*Petitioner on Review,*

*v.*

## CITY-COUNTY INSURANCE SERVICES TRUST,
Ted Lopuszynski, Trustee, Kent Taylor, Trustee, Daniel J. Ahern, Trustee, Laura Pryor, Trustee, Nels Hanson, Trustee, Larry Lehman, Trustee, *Respondents on Review.*

(DC 91D301739; CA A79184; SC S41660)

894 P2d 1158

Ridgway K. Foley, Jr., of Foley and Duncan, P.C., Portland, argued the cause for petitioner on review. With him on the petition were M. Elizabeth Duncan, of Foley and Duncan, P.C., and Mark E. Pilliod, City Attorney, City of Tualatin.

James E. Mountain, Jr., of Harrang Long Gary Rudnick P.C., Salem, argued the cause and filed the response for respondent on review.

FADELEY, J.

## FADELEY, J.

The question in this case is whether an insurer is obligated to defend a local government officer named in a complaint filed with the Oregon Government Ethics Commission,[1] alleging that the officer violated an ethics statute. Disposition of that issue depends on the proper interpretation of the first sentence of ORS 30.287(1), which we quote later in this opinion.

City-County Insurance Services Trust and its trustees (defendants, hereafter defendant or defendant insurer) provided comprehensive liability insurance to plaintiff City of Tualatin. The parties dispute whether their insurance contract covers defense of the ethics complaint. The insurance contract promised:

> "[T]he Company will pay on behalf of the Insured all sums which the Insured shall be legally obligated to pay as 'damages' because of:
>
> "Coverage A:  Liability arising under Oregon Revised Statutes 30.260 to 30.300[.]"

The statute sections cited comprise the Oregon Tort Claims Act (OTCA).

The trial court determined that a complaint alleging an ethics violation was not a "tort claim or demand" under ORS 30.260(8) and granted defendant insurer's motion for summary judgment. The Court of Appeals affirmed on that basis. *City of Tualatin v. City-County Ins. Services Trust*, 129 Or App 198, 878 P2d 1139 (1994). Because we conclude that defense of a complaint for an ethics violation does not fall within the parameters of the OTCA, we also affirm.

The relevant facts in this case are undisputed. In April 1990, the Oregon Government Ethics Commission (commission) received a complaint against Mayor Stolze of Tualatin. The complaint alleged that the mayor had violated ORS 244.040 when he voted on a particular land use matter that was under consideration by the Tualatin City Council. The complaint alleged that, when the mayor voted, he had a

---

[1] The Commission is now named the Oregon Government Standards and Practices Commission. ORS 244.020(4).

financial interest,[2] because he was a general business competitor of complainant. The mayor tendered the defense of that complaint to the City of Tualatin (plaintiff). Subsequently, plaintiff tendered the defense to its insurer, City-County Insurance Services Trust, which declined to defend the mayor. Defendant insurer justified its refusal to provide coverage to plaintiff for the mayor's defense of the ethics complaint by arguing that the ethics complaint was not a "tort claim or demand" arising under the OTCA, ORS 30.260 to 30.300, and that no other coverage applied. The mayor obtained a defense elsewhere. The ethics complaint was dismissed without hearing. The mayor submitted the bill for his lawyer's fees to plaintiff city, and it requested reimbursement of those defense costs from defendant insurer. Defendant again refused.

Plaintiff filed an action for the cost of defense against defendant insurer. The trial court granted defendant's motion for summary judgment. On appeal, the Court of Appeals held that an ethics complaint did not come within the OTCA, because it did not constitute a claim of "tort" as defined in ORS 30.260(8). That court held that, to qualify as a tort claim, the claim must assert a "civil right of action for damages or a protective remedy for specific persons claiming injury due to a violation of [law]," and that state ethics statutes do not provide such a right of action. 129 Or App at 202.

On review, plaintiff first contends that the Court of Appeals erred in holding that ORS 30.287(1) only covers the defense of tort actions. Plaintiff relies on the words of ORS 30.287(1), which provide:

"If any civil action, suit or proceeding is brought against any officer, employee or agent of a local public body other than the state *which on its face falls within* the provisions of ORS 30.285 (1), *or which the officer, employee or agent asserts to be based in fact upon an alleged act or omission in the performance of duty*, the officer, employee or agent may

---

[2] ORS 244.040 in part provides:

"No public official shall use * * * official position or office to obtain financial gain [for the public official] * * * other than official salary, honoraria * * * reimbursement of expenses or * * * for any business with which the public official * * * is associated."

file a written request for counsel with the governing body of the public body. The governing body shall thereupon engage counsel to appear and defend the officer, employee or agent unless after investigation it is determined that the claim or demand does not arise out of an alleged act or omission occurring in the performance of duty, or that the act or omission complained of amounted to malfeasance in office or willful or wanton neglect of duty, in which case the governing body shall reject defense of the claim." (Emphasis added.)

Plaintiff argues that the legislature employed the word "or," emphasized in the above-quoted first sentence of ORS 30.287(1), for the specific purpose of signaling a separate class of claims for which public bodies must provide a defense. Plaintiff contends that ORS 30.287(1) applies *either* to a "tort claim or demand * * * arising out of an alleged act or omission occurring in the performance of duty" as provided in ORS 30.285(1) *or*, although no tort claim or demand has been made, to any other kind of complaint against a public officer,[3] whenever the officer asserts that such complaint is "based * * * on an alleged act or omission in the performance of duty."

In response, defendant argues that, in context, both the words "claim or demand," which appear in ORS 30.287(1) by reason of an internal reference therein to ORS 30.285(1), and the words "civil action, suit or proceeding," which are found in ORS 30.287(1), and in ORS 30.285(3) alike, refer only to tort claims. Therefore, defendant argues, the reference in ORS 30.287(1) to "an act or omission in the performance of duty," found within the same sentence that refers to "tort claim or demand," also refers only to acts or omissions that give rise to tort claims.

■ "In interpreting a statute, the court's task is to discern the intent of the legislature. ORS 174.020." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). In attempting to discern the intent of the legislature, the first level of analysis is to examine the text and context of the statute. The context of a statute includes other provisions of the same statute and other related statutes. If

---

[3] This case involves a public officer although ORS 30.287 covers a public "employee or agent" as well. We refer herein only to "officer."

the legislature's intent is clear from the text and context, further inquiry is inappropriate. *Id.* at 611.

■　　Thus, we first turn to the text and context of the provision to be construed, ORS 30.287(1). We initially focus on the text of the dispositive first sentence of ORS 30.287(1). The subject of the sentence appears in the last clause. That clause provides that the public "officer * * * may file a written request for [defense] counsel" with the local public body. The remaining clauses of that sentence describe the conditions that must be present before the officer "may" file the request for defense.

The first of those clauses — "[i]f any civil action, suit or proceeding is brought against any officer" — requires an action or proceeding and that it be brought against an officer of the government. The next clause specifies that the action or proceeding must either show on its face that it falls within the provisions of ORS 30.285(1) by being, in the words of that referenced subsection, "any tort claim or demand * * * arising out of an alleged act or omission occurring in the performance of duty" *or* must be an action or proceeding which the public "officer * * * asserts to be based in fact upon an alleged act or omission in the performance of [governmental] duty." The first alternative condition under which a claim for defense may be filed is that the claim shows on its face that it allegedly arose from performance of duty; the second alternative is that the officer asserts that the claim arose from performance of duty. The two alternatives are each introduced by the word "which." In this instance, that word is used as a parallel construction device. The parallel clauses have a common referent. They refer to the "civil action, suit or proceeding" with which the sentence begins.

Under context, we begin with the statute directly announcing the disputed duty to defend. ORS 30.285(1) provides:

> "The governing body of any public body shall defend, save harmless and indemnify any of its officers, employees and agents, whether elective or appointive, against any *tort claim or demand*, whether groundless or otherwise, *arising out of an alleged act or omission occurring in the performance of duty.*" (Emphasis added.)

Before its amendment by Oregon Laws of 1975, chapter 609, section 16, ORS 30.285(1) provided that any public body "may" defend and indemnify an officer. After those amendments, that subsection mandated that any public body "shall" defend and indemnify against any tort claim or demand arising out of performance of duty as an officer. Section 16 of the 1975 act further amended ORS 30.285 by adding a completely new subsection (3) which spells out the procedure and the conditions under which a *state* officer may claim entitlement to the new mandatory right to a defense and indemnity. That subsection provides in part:

> "If any civil action, suit or proceeding is brought against any state officer, employee or agent which on its face falls within the provisions of subsection (1) of this section, or which the state officer, employee or agent asserts to be based in fact upon an alleged act or omission in the performance of duty, the state officer, employee or agent may, after consulting with the Oregon Department of Administrative Services file a written request for counsel with the Attorney General."

The 1975 act made several other relevant changes to the OTCA. Section 20 of that act created a new statute section which is now codified as ORS 30.287, the section we are called on to interpret in this case.[4] That new section provided the procedure and conditions under which a *local government* officer or employee may claim entitlement to the new, mandatory right to a defense and indemnity created by section 16.

Significantly, subsection (1) of the new section 20, now ORS 30.287(1), used wording identical to that used in the also new subsection (3) of ORS 30.285 to describe the conditions and procedure under which a *state* officer or employee may claim the new, mandatory right to defense and indemnity. Both subsection (1) of ORS 30.287, relating to local government employees and subsection (3) of ORS 30.285 contain the same internal reference to subsection (1) of ORS 30.285. That subsection, referred to in common, defines the right to defense and indemnity as being "against any tort claim or demand * * * arising out of an alleged act or omission occurring in the performance of duty." This is significant

---

[4] Section 20 was, by the provisions of section 18, "added to and made a part of ORS 30.260 to 30.300," the OTCA.

context indicating that ORS 30.287(1) is about a "tort claim or demand."

The major difference between ORS 30.287(1) and 30.285(3) is that ORS 30.287(1) extends to local public bodies, including municipalities, while ORS 30.285 applies to the state. Nonetheless, ORS 30.287(1) is almost identical to ORS 30.285(3) which, like ORS 30.287(1), provides a procedure for implementing the public officer's right to a defense under ORS 30.285(1). Also relevant context is ORS 30.287(3), which provides in part:

> "If the governing body rejects defense of a claim under subsection (1) of this section, no public funds shall be paid in settlement of the claim or in payment of any judgment against such officer, employee or agent. Such action by the governing body shall not prejudice the right of the officer, employee or agent to assert and establish in an appropriate proceedings that the *claim or demand* in fact *arose out of an alleged act or omission occurring in the performance of duty* * * *." (Emphasis added.)

The wording of ORS 30.287(3) tracks the "claim or demand" and "performance of duty" wording of ORS 30.285(1), wherein that wording is related only to a tort claim. The two sections were enacted by the same 1975 act. The context of ORS 30.287(1) makes it clear that that statute refers to torts, not to other claims. We agree with defendant's construction of the dispositive sentence; it refers only to tort claims. In so doing, we do not overlook the disjunctive "or." Nor do we overlook its grammatical functions. Instead, that word is given full meaning and function by our holding that the word "or" in that sentence functions to separate the two dissimilar methods of describing claims against a public officer that presumptively fall within the scope of ORS 30.287(1): The first method looks at the allegations of the claim to determine whether the claim shows on its face that it is a tort claim or demand that arises out of performance of duty as a public officer; the second method looks to an assertion by the officer that such a claim or demand arose from performance of duty.

■ Plaintiff next argues that, even if ORS 30.287(1) refers only to tort claims, a complaint alleging an ethics violation comes within the OTCA's definition of a tort. For purposes of the OTCA, a tort is defined by ORS 30.260(8):

" 'Tort' means the breach of a legal duty that is imposed by law, other than a duty arising from contract or quasi-contract, the breach of which results in injury to a specific person or persons for which the law provides a civil right of action for damages or for a protective remedy."

The Court of Appeals held that an ethics complaint, filed under ORS chapter 244 and claiming that a government ethics law has been violated, cannot provide damages to, or a protective remedy for, specific persons who claim to have been injured by the ethics violation and, therefore, that a claimed ethics violation is not itself a tort claim. 129 Or App at 202. That court further held that an ethics complaint that turns out to be frivolous or ill-founded serves no public good and provides no "protective remedy" for the public, let alone a remedy that benefits an individual, as would be required to come within the definition of "tort" in ORS 30.260(8). *Ibid.*

We agree with the Court of Appeals. ORS chapter 244 is designed "to deter violation of the legislative policy of safeguarding the public trust inherent in holding a public office." *Groener v. Oregon Gov't Ethics Comm.*, 59 Or App 459, 469, 651 P2d 736 (1982). Thus, the ethics law was created to benefit the public, not to create a civil claim for or against an individual. ORS 244.040, which the complaint alleged that Mayor Stolze violated, does not create a civil right of action for damages or any other protective remedy for an individual.[5] Therefore, violation of that statute does not fit within the definition of a tort in ORS 30.260(8) that is applicable to ORS 30.287. It follows that defendant had no duty to provide a defense for plaintiff's officer in relation to the ethics violation complaint.

---

[5] Plaintiff contends that the ethics laws provide a protective remedy analogous to "specific relief." The complaint indicates that the complainant and the mayor are both in the business of land development, that complainant perceives them as competitors in that business and that, when the mayor voted on a land use request of the complainant, the mayor was in a position to further his own business by holding back that of the complainant.

The remedies available to the commission do not provide any relief to an individual complainant. Civil penalties and forfeitures assessed by the commission under ORS 244.350 and 244.360 accrue to the state general fund. ORS 244.370(3). Reasonable attorney fees may be awarded only to the officer complained against and then only if the officer "prevails following a contested case hearing under [chapter 244] or a lawsuit under ORS 244.260[(8)]." ORS 244.400(1).

■     In summary, ORS 30.287(1) does not impose on municipalities a duty to defend its officers, employees, or agents against an ethics complaint. An ethics violation does not constitute a "tort" under the definition provided in the OTCA. Under the provisions of the insurance contract between the parties, plaintiff had no right arising from ORS 30.287(1) to recover from defendant insurer the cost of defending an ethics complaint filed against plaintiff's officer.

The decision of the Court of Appeals and the judgment of the district court are affirmed.